IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **KENNETH MERRITT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 23-cv-02453-SHM-tmp |
| | ) |
| | ) |
| **WIPRO LIMITED,** | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND GRANTING DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S REPLY**

Before the court is *pro se* plaintiff Kenneth Merritt's Motion to Amend Complaint to Include Claims of Payroll Fraud, Fraudulent Concealment, and Breach of Contract, filed on November 4, 2024.[1] (ECF No. 43.) Defendant Wipro Limited ("Wipro") filed its response in opposition on November 18, 2024. (ECF No. 45.) On November 22, 2024, Merritt filed a reply to Wipro's response without first seeking leave of court pursuant to Local Rule 7.2(c). (ECF No. 46.) Wipro filed its motion to exclude Merritt's reply on November 27, 2024. (ECF No. 47.) For the reasons below, Merritt's motion to amend is DENIED and Wipro's motion to exclude is GRANTED.

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination and/or report and recommendation, as appropriate.

I.   BACKGROUND

A.   Procedural History

Merritt filed his complaint against Wipro in Shelby County Circuit Court on May 23, 2023, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the Tennessee Consumer Protection Act, Tenn. Code. Ann. § 47-18-101 ("TCPA"), and claims for payroll fraud, breach of contract, and breach of covenant. (ECF Nos. 1, 24.) On July 28, 2023, Wipro removed the case to the Western District of Tennessee under 28 U.S.C. § 1441(a). (ECF No. 1.) Wipro moved to dismiss Merritt's claims on August 7, 2023, arguing in part that Merritt's claims were barred under the doctrine of *res judicata* because Merritt had previously brought claims against Wipro in state court that were dismissed on the merits. (ECF No. 8.)

On March 28, 2024, District Judge Samuel H. Mays, Jr. granted Wipro's motion in part and denied it in part. (ECF No. 24.) Judge Mays categorized Merritt's claims into two groups: those relating to his promotion and those related to unpaid overtime. (Id.) First, Judge Mays dismissed Merritt's promotion claims, including his TCPA-promotion and breach of contract and breach of covenants claims, finding *res judicata* barred those claims. (Id.) Next, Judge Mays found that Merritt's FLSA claim for unpaid overtime was not barred by *res judicata*, but dismissed Merritt's TCPA-overtime claim, finding that the FLSA precluded claims for unpaid overtime

under the TCPA. (Id.) Relevant here, Judge Mays did not construe Merritt's payroll fraud allegations as an independent claim, but instead construed them as supporting Merritt's FLSA claim. (Id. at PageID 272 n.3.)

Wipro answered Merritt's complaint on April 12, 2024, and the parties held a scheduling conference on July 2, 2024. (ECF Nos. 25, 29.) The parties set a deadline to amend pleadings on September 3, 2024. (ECF No. 31.) On September 27, 2024, the parties jointly moved for a judicial settlement conference, which the undersigned granted on October 1. (ECF Nos. 40, 41.) The parties held a settlement conference before Magistrate Judge Annie T. Christoff on November 1, 2024. (ECF No. 44.) The parties did not settle.[2] (Id.)

**B.  Motion to Amend**

Following the settlement conference, Merritt filed his motion to amend on November 4, 2024, seeking to add claims of payroll fraud, fraudulent concealment, and breach of contract. (ECF No. 43.) Merritt explains that, at the conference, he learned for the first time that Wipro classified him as a salaried employee, "which [he] contends is inaccurate." (Id. at PageID 374.) In support of his proposed payroll fraud claim, Merritt identifies "multiple payroll discrepancies," which he contends show that Wipro

---

[2]Merritt also filed a motion for summary judgment on August 5, 2024, that is currently pending before the court. (ECF No. 32.)

"misrepresented [his] pay structure" and that Wipro acted in bad faith by failing to pay him overtime wages. (Id. at PageID 375.) Merritt argues that Wipro should be "liable for liquidated damages in the amount of overtime back wages and breach of contract for the time that was stolen from [him]."[3] (Id. at PageID 375-76.)

In support of his proposed breach of contract claim, Merritt asserts that he was "misclassif[ied] . . . as a salaried [employee] while [being] treat[ed] . . . as an hourly employee." (Id. at PageID 376.) Merritt contends that Wipro's "failure to provide consistent and accurate compensation breached the employment contract agreement and deprived [him] of rights he was to receive under wage laws." (Id.) Merritt does not explain the basis for his proposed fraudulent concealment amendment.

In addition to his claim that he only just learned at the settlement conference that he is classified as a salaried employee, Merritt attached several documents to his motion, including screenshots that purport to show his pay and hours worked, his employment agreement, and an email he sent in November 2021. (ECF No. 43-1.) Relevant here, Merritt's employment agreement, entered

---

[3]Merritt cites Scalia v. Mejia Corporation, No. 1:19-cv-166, 2020 WL 3550011 (E.D. Va. Mar. 5, 2020), in support of his motion, but he does not explain how that case is relevant to the facts here. In that case, from the Eastern District of Virginia, the court granted summary judgment for the Department of Labor in part as to the three-year statute of limitations and liquidated damages for overtime violations, but denied it in part as to issues of record-keeping, minimum wage, tips, and injunctive relief. (Id. at *6.)

into on April 12, 2022, provides that he will be paid "an annual base salary." (Id. at PageID 382-83.) Merritt did not attach a proposed amended complaint as required by Local Rule 15.1(a).

**C.   Wipro's Response, Merritt's Reply, and Wipro's Motion to Exclude**

Wipro filed its response in opposition on November 18, 2024. (ECF No. 45.) Wipro argues that Merritt's motion should be denied because: (1) he failed to consult with Wipro before filing his motion pursuant to Local Rule 7.2(a)(1)(B);[4] (2) he cannot show good cause to extend the deadline to amend pleadings set in the scheduling order; and (3) Merritt's proposed amendments would be futile. (Id.)

Wipro argues that Merritt has not shown good cause because he was "aware of the alleged bases for his claims of payroll fraud, fraudulent concealment and breach of contract" at the time he brought his claim, and that his attached documents, excluding the payroll record labeled Exhibit 3, (ECF No. 43-1 at PageID 380), were all included with his first complaint in state court on September 20, 2022. (ECF No. 45-1 at PageID 391-92; see also ECF No. 8-3 at PageID 110, 116, 132-42 (including the same documents filed in Merritt's original complaint as filed with Merritt's instant motion).)

---

[4]Because the undersigned finds independent bases to deny the motion to amend, the undersigned declines to address this argument.

- 5 -

Wipro also argues that Merritt's proposed amendments would be futile because Merritt's claims of payroll fraud and fraudulent concealment were already dismissed with prejudice by Judge Mays's March 28, 2024 order.[5] (ECF No. 45-1 at PageID 392.) Alternatively, Wipro argues that Merritt has not pleaded facts sufficient to support those claims. (Id. at PageID 393.) Wipro also asserts that Merritt's breach of contract claim is "preempted" by the FLSA. (Id. at PageID 394.)

Without first seeking leave of court pursuant to Local Rule 7.2(c), Merritt filed an unauthorized reply on November 22, 2024, styled as "Plaintiff [sic] Response to Defendant [sic] Motion in Opposition to Motion to Amend."[6] (ECF No. 46.) Merritt's reply reiterates much of the same arguments as his motion to amend and attaches the same documents. (See id.) On November 27, 2024, Wipro filed a motion to exclude Merritt's reply due to his failure to comply with Local Rule 7.2(c). (ECF No. 47.)

---

[5] Contrary to Wipro's argument, Judge Mays construed Merritt's payroll fraud allegations as supporting his FLSA claim, not an independent claim. (See ECF No. 24 at PageID 272 n.3.)

[6] This is not the first time Merritt has filed replies without seeking leave, and Judge Mays has previously instructed him "to familiarize himself with the Local Rules and [] warned [him] that future violations could result in sanctions." (ECF No. 23 at PageID 23.) Because Merritt did not seek leave before filing his reply and because Wipro moved to exclude his reply, the court will not consider his reply. However, even if his reply were considered, the court would still deny his motion to amend the complaint.

## II.   ANALYSIS

### A.   Standard of Review

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course no later than 21 days after serving it," or within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

Once the court has set a deadline to amend pleadings pursuant to a Federal Rule of Civil Procedure 16 scheduling order, Rule 16(b) permits modification of that scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Once the scheduling order's deadline [for amendment] passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003). The "decision whether or not to permit the amendment is committed to the discretion of the trial court." Knight v. Bank of Am., No. 16-11662, 2016 WL 6600041, at *6 (E.D. Mich. Nov. 8, 2016) (citing Zenith Radio Corp. v. Hazeltine Rsch., Inc., 401 U.S. 321, 330-32 (1971) and Estes v.

Ky. Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980)). "[M]otions to amend 'should be denied if such amendments would be futile and would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" Morgan v. AMISUB (SFH), Inc., No. 18-CV-2042-TLP-tmp, 2020 WL 13851794, at *1 (W.D. Tenn. May 27, 2020) (citing Skywatch Traffic, LLC v. Cumulus Media, Inc., No. CIV. 3:10-0959, 2011 WL 1466515, at *1 (M.D. Tenn. Apr. 18, 2011)).

**B.   Lack of Good Cause**

The court finds that Merritt has not shown good cause to amend the scheduling order to permit amendment of his complaint. The court also finds that, even if Merritt had shown good cause, amendment would be futile at least as to his payroll fraud and fraudulent concealment claims.

Here, Merritt is not permitted to amend as a matter of right under Rule 15 because more than twenty-one days have passed since he first served his complaint and since the last responsive pleading. In fact, Merritt filed his motion to amend on November 4, 2024, sixty-two days after the September 3 deadline to amend had passed. (See ECF Nos. 31, 43.) Merritt instead contends that amendment is justified because he only learned that he was a salaried employee at the November 1, 2024 settlement conference. (ECF No. 43.) But, as Wipro points out, Merritt has had the documents he attaches in support of his motion since at least 2022.

(See ECF Nos. 8-3 at PageID 110, 116, 132-42; 45-1 at PageID 391-92.) The portion of Merritt's contract he attaches states that he is paid "an annual base salary," (ECF No. 43-1 at PageID 383), suggesting that Merritt had at least constructive notice that he was treated as a salaried employee. Thus, Merritt has not shown good cause under Rule 16(b)(4) to extend the scheduling order deadline and permit further amendment.

Even if Merritt had shown good cause, the court also finds that amendment would be futile as to his payroll fraud and fraudulent concealment claims.[7] First, as discussed above, the court previously construed Merritt's payroll fraud allegations as supporting his FLSA claim and not as an independent claim. (ECF No. 24 at PageID 284 n.3.) Merritt has not explained why "payroll fraud" should be treated separately from his FLSA claim, and the court finds no basis to deviate from Judge Mays's prior ruling.

---

[7]To the extent he seeks to recover unpaid overtime based on FLSA violations, Merritt's breach-of-contract claim may be precluded by the FLSA, see Torres v. Vitale, 954 F.3d 866, 875 (6th Cir. 2020) ("[T]hrough the FLSA's enforcement mechanism itself, Congress prescribed the exclusive vehicle through which plaintiffs may remedy its substantive guarantees."), but because Merritt has not shown good cause to extend the deadline to amend, and because this issue has not been fully addressed by the parties, the court need not address whether his claim is precluded under these facts. To the extent Merritt is arguing that he was misclassified as exempt under the FLSA, he may litigate that issue as part of his FLSA claim. See Clark v. Shop24 Global LLC, 77 F. Supp. 3d 660, 670-78 (S.D. Ohio 2015) (denying summary judgment for the plaintiff on the issue of misclassification because there was a genuine issue of material fact as to whether certain exemptions did not apply).

Second, Merritt does not clearly describe his proposed fraudulent concealment claim in his motion to amend. To the extent Merritt is seeking to bring a claim independent of the FLSA, this falls well below the standard to state a claim on a Rule 12(b)(6) motion to dismiss. See Binno v. Am. Bar Assoc., 826 F.3d 338, 345-46 (6th Cir. 2016) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)) ("[A] court accepts as true all factual allegations, but the court does not apply this presumption of truth to conclusory or legal assertions.").

Accordingly, Merritt's motion to amend is DENIED.

Additionally, because Merritt did not seek leave of court before filing his reply pursuant to Local Rule 7.2(c) and because the court has previously warned Merritt about his obligation to do so, the court GRANTS Wipro's motion to exclude Merritt's unauthorized reply.

### III. CONCLUSION

For the reasons above, Merritt's motion to amend is DENIED, and Wipro's motion to exclude Merritt's reply is GRANTED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 3, 2024
Date