IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| KENNETH MERRITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-02453-SHM-tmp |
| | ) | |
| WIPRO LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation filed by Chief United States Magistrate Judge Tu M. Pham on December 10, 2024. (ECF No. 50.) In the Report and Recommendation, the Magistrate Judge recommends that pro se Plaintiff Kenneth Merritt's Motion for Summary Judgment (ECF No. 32) be denied as premature. (See ECF No. 50) Merritt filed a "Motion for Reconsideration for Denial of Plaintiff Motion for Summary Judgment for Being Premature" (ECF No. 51) on December 16, 2024, which the Magistrate Judge and Defendant have interpreted as an Objection to the Magistrate Judge's Report and Recommendation, at least in part. (See ECF Nos. 53, 54.) Defendant Responded to Plaintiff's Objection on December 30, 2024. (ECF No. 53.)

The Court **ADOPTS** the Report and Recommendation and **DENIES** Plaintiff's Motion for Summary Judgment.

**I.  Standard of Review**

Pursuant to Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The District Court reviews portions of the Report to which a party has properly objected de novo. Id. Although a District Court must review these portions de novo, it need not articulate each reason for rejecting the objections. See Tuggle v. Seabold, 806 F.2d 87, 92 (6th Cir. 1986).

Objections must be specific; a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991). In the absence of objections, reports are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

**II.  Law**

Summary judgment is granted if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). Although Rule 56(b) permits a party to file a summary judgment motion "at any time," "[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for

discovery." See Est. of Zakora v. Chrisman, 44 F.4th 452, 479 (6th Cir. 2022), cert. denied sub nom. Chrisman v. Est. of Zakora, 143 S. Ct. 2608 (2023) (quoting Vance v. United States, 90 F.3d 1145, 1148 (6th Cir. 1996).

When "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "Rule 56[(d)] has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." Zakora, 44 F.4th at 479 (quoting Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000)) (alteration in original).

To make this showing in the Sixth Circuit, "a formal affidavit may not be required 'when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment.'" Unan v. Lyon, 853 F.3d 279, 293 (6th Cir. 2017) (quoting United States v. Rohner, 634 Fed.Appx. 495, 504 (6th Cir. 2015)). See also Moore v. Shelby Cnty., Kentucky, 718 F. App'x 315, 319 (6th Cir. 2017) ("Plaintiff argued in her

3

opposition to Defendants' motion for summary judgment that she had an inadequate opportunity for discovery. Requiring a redundant 56(d) affidavit in this case, where Plaintiff has already made the argument in her opposition brief, would unduly exalt form over substance.").

### III. Analysis

Defendant argues that Plaintiff's Motion contains only a general objection and should therefore receive only clear-error review. (See ECF No. 53 at 2-3.) To the extent there is a specific objection, Plaintiff objects to the Magistrate Judge's proposed conclusion of law that Plaintiff's Motion should be denied to allow Defendant to complete additional discovery, despite Defendant's failure to file a Rule 56(d) affidavit or declaration. (See ECF No. 51 at 2.) Plaintiff argues that Defendant's "vague assertions about needing more time to depose Plaintiff are insufficient and do not justify delaying adjudication of the motion. Without a Rule 56(d) filing, Wipro cannot credibly argue that the record is incomplete or that additional discovery is necessary." (See id.)

Plaintiff filed his Motion for Summary Judgment on August 5, 2024, one month after discovery had begun. (ECF No. 50 at 3.) At that time, the only deadline that had passed was for Rule 26(a)(1) initial disclosures; the final discovery deadline in this case is not until February 27, 2025. (See ECF No. 31.)

4

Written discovery requests were exchanged by the parties, and Defendant represents that Plaintiff responded incompletely to interrogatories and requests for production, that Plaintiff failed entirely to respond to Defendant's requests for admission, and that Defendant intends to seek supplementation. (See ECF No. 36 at 2.)

The Statement of Undisputed Facts accompanying Plaintiff's Motion for Summary Judgment is derived from Defendant's non-response to requests for admission that Plaintiff served on Defendant before discovery began. See Fed. R. Civ. P. 26(d), 36. (See ECF No. 33 at 1-2.) Defendant represents that Plaintiff did not properly serve those requests until he filed his Motion for Summary Judgment. (See ECF No. 36 at 2.)

After considering the Parties' arguments on the Motion, the Magistrate Judge concluded:

> Wipro explains in its response that it has not had the opportunity to conduct depositions or investigate the allegations in Merritt's affidavits, thereby necessitating further discovery. (ECF No. 26 at PageID 356.) Though courts generally require more specificity when detailing the need for further discovery, see Zakora, 44 F.4th at 479, the undersigned nonetheless finds that Wipro has "complied with the substance and purpose of Rule 56(d)," Moore, 718 F. App'x at 319. Given the incomplete record and the early stage of this litigation, the undersigned finds that Merritt's motion

5

is premature under these facts and recommends that Merritt's motion for summary judgment be denied.

(ECF No. 50 at 7.)

After a _de novo_ determination of those portions of the Report to which Plaintiff objects, the Court reaches the same conclusion as the Magistrate Judge. Discovery had just begun, there were already disputes about timely compliance with discovery requests, and Defendant's motion opposing Plaintiff's summary judgment motion articulated a need for further discovery. Denying Defendant an opportunity to conduct discovery in this case because it did not file a 56(d) affidavit and instead argued its need for additional discovery in its Response to Plaintiff's Motion would "unduly exalt form over substance." See _Moore_, 718 F. App'x at 319.

### IV. Conclusion

After reviewing _de novo_ the portions of the Report to which Plaintiff specifically objected, and after clear-error review of the balance of the Magistrate Judge's Report and Recommendation, the Court **ADOPTS** the Report and Recommendation (ECF No. 50) in its entirety. Plaintiff's Motion for Summary Judgment (ECF No. 32) is **DENIED.**

SO ORDERED this _6th_ day of February, 2025.

/s/ _Samuel H. Mays, Jr._
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE