**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| KENNETH MERRITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-cv-02453-SHM-tmp |
| | ) | |
| | ) | |
| WIPRO LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF JUDGMENT

Before the court is *pro se* plaintiff Kenneth Merritt's "Motion for Relief from Judgment [sic]," filed February 4, 2025.[1] (ECF No. 58.)

On December 3, 2024, the court denied Merritt's motion to amend his complaint. (ECF Nos. 43, 48.) Merritt sought to add claims for "payroll fraud," fraudulent concealment, and breach of contract. (ECF No. 43.) Pursuant to the scheduling order, the deadline to amend pleadings had passed, (ECF No. 31), and the undersigned found that Merritt had not shown good cause to amend the scheduling order to allow further amendment, (ECF No. 48 at PageID 422). The undersigned also found that amendment would be

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination and/or report and recommendation, as appropriate.

futile at least as to Merritt's proposed payroll fraud and fraudulent concealment claims.[2] (Id. at PageID 422-23.)

Merritt filed the instant motion on February 4, 2025, asking the court to set aside its ruling under Federal Rule of Civil Procedure 60(b)(4). (ECF No. 58.) Merritt argues that the court's order is void because he did not receive a copy of the order in the mail and was thus prevented from timely appealing or moving for reconsideration.[3] (ECF No. 58.) Wipro filed its response in opposition on February 18, 2025. (ECF No. 69.)

Under Rule 60(b), "the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding" for several reasons. Fed. R. Civ. P. 60(b) (emphasis added). Because Merritt is challenging an interlocutory order, Merritt's motion is procedurally improper. See Dassault Systemes, SA v. Childress, 663 F.3d 832, 840 (6th Cir. 2011) (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1364 n.27 (11th Cir. 1997)) (declining to apply Rule 60(b) to an entry of default because Rule 60(b) does not apply to interlocutory orders); Consolidation Coal Co. v. U.S. Dep't of

---

[2]The undersigned declined to consider whether Merritt's breach of contract claim is futile because the parties did not fully brief the issue. (ECF No. 48 at PageID 422 n.7.)

[3]Merritt contends incorrectly that his not receiving the December 3, 2024 order violates Federal Rule of Civil Procedure 5(b), (ECF No. 48), which governs how parties serve pleadings and other papers on each other.

Interior, 43 F. Supp. 2d 857, 863 (S.D. Ohio 1999) (citing Wanamaker v. Columbian Rope Co., 907 F. Supp. 522, 526 (N.D.N.Y. 1995), aff'd 108 F.3d 462 (2d Cir. 1997); Krome v. Merrill Lynch & Co., 110 F.R.D. 693, 694 (S.D.N.Y. 1986)) ("Rule 60(b) permits the Court to grant relief only from 'final' judgments or orders."); Jones v. State of Tenn. Dep't of Corr., No. 3:20-CV-00340, 2021 WL 11679104, at *1 (M.D. Tenn. Apr. 21, 2021) ("[A] motion to amend a complaint is not a final judgment contemplated by either Rule 59(e) or 60(b)."); Fed. R. Civ. P. 60 advisory committee's note to 1946 amendment ("[I]nterlocutory judgments are not brought within the restrictions of [Rule 60], but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.") Thus, to the extent Merritt is challenging the court's denial of his motion to amend under Rule 60, the motion is DENIED.

The undersigned notes that Western District of Tennessee Local Rule 7.3 allows parties to file a motion for the revision of any interlocutory order, pursuant to Federal Rule of Civil Procedure 54(b). L.R. 7.3(a). The movant must show:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law

- 3 -

occurring after the time of such order; or (3) a
manifest failure by the Court to consider material
facts or dispositive legal arguments that were
presented to the Court before such interlocutory
order.

L.R. 7.3(b). The undersigned finds that Merritt has not satisfied any of these bases. Accordingly, to the extent Merritt is asking the court to reconsider its December 3, 2024 order under the local rules, the motion is DENIED.

While it is not clear that Merritt is attempting to appeal the December 3, 2024 order to the presiding district judge, Merritt does argue that his failure to receive the order prevented him from timely doing so. Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(g)(1) generally require that an order by the presiding magistrate judge be appealed within fourteen days. This ruling does not affect Merritt's motion or consideration of his arguments regarding his delay should the presiding district judge construe Merritt's motion as an appeal of the December 3, 2024 order.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

February 20, 2025
Date