IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| KENNETH MERRITT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 23-cv-02453-SHM-tmp |
| | ) |
| | ) |
| WIPRO LIMITED, | ) |
| | ) |
|     Defendant. | ) |

---

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND
MOTION TO COMPEL, GRANTING DEFENDANT'S MOTION TO EXTEND
DEADLINES, AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

---

Before the court are defendant Wipro Limited's ("Wipro") Second Motion to Compel Complete Written Discovery Responses and for Sanctions and its Motion to Extend Deadlines.[1] (ECF Nos. 63, 65.) *Pro se* plaintiff Kenneth Merritt responded to the motion to compel on February 18, 2025. (ECF No. 66.) Merritt did not respond to Wipro's Motion to Extend. Also before the court is Merritt's Motion for Protective Order, to which Wipro responded on March 4, 2025. (ECF Nos. 68, 72.) For the reasons below, Wipro's Second Motion to Compel is GRANTED in part and DENIED in part, Wipro's

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

Motion to Extend is GRANTED, and Merritt's Motion for Protective Order is DENIED.

## I.    BACKGROUND

### A.    Relevant Procedural History

On December 17, 2024, Wipro filed its first motion to compel discovery, seeking to compel complete responses to its interrogatories and requests for production, and to deem admitted its requests for admission. (ECF No. 52.) Merritt did not respond, and the undersigned granted the motion on January 23, 2025. (ECF No. 55.) The undersigned ordered Merritt to serve full and complete answers to Wipro's interrogatories and its requests for production by February 12, 2025. (Id. at PageID 520.) Pursuant to Federal Rule of Civil Procedure 36, the undersigned also deemed admitted Wipro's requests for admission because Merritt failed to respond to those requests within thirty days. (Id.) The undersigned warned Merritt that failure to timely respond would result in sanctions, including dismissal of his complaint. (Id.) On January 28, 2025, Merritt filed responses to Wipro's interrogatories and requests for admissions with the court.[2] (ECF Nos. 56, 57.)

---

[2]As discussed above, the undersigned deemed admitted Wipro's requests for admissions. (ECF No. 55.) Thus, Merritt's belated attempt to respond is improper and the requests are still deemed admitted.

**B.   Wipro's Motions**

On February 13, 2025, Wipro filed both its Second Motion to Compel and its Motion to Extend. (ECF Nos. 63, 65.) In its Motion to Compel, Wipro again seeks supplementary responses to its document requests and interrogatories. (ECF No. 64.) Wipro explains that, during the pendency of its first motion to compel, Merritt served supplementary responses to Wipro's discovery requests on December 17, 2024. (ECF No. 64 at PageID 604.) However, Wipro argues these were insufficient. (Id.) Wipro again attempted to consult with Merritt regarding his responses from January 28 through 31, 2025. (Id. at PageID 605.) Merritt responded "[i]t is not [his] responsibility to conduct [Wipro's] discovery for [it]." (Id.; ECF No. 64-2 at PageID 630.) According to Wipro, Merritt did not supplement his discovery responses before the February 12, 2025 deadline, and it argues that the responses he filed with the court are deficient. (ECF No. 64 at PageID 605.)

Regarding its requests for production, Wipro contends that Merritt "has not produced any documents in response to [its requests]." (Id. at PageID 607.) Wipro believes that Merritt "possesses at least some responsive documents that he refuses to produce" because his interrogatory responses filed with the court contained screenshots of documents that he had not previously filed or produced. (Id.; see also ECF Nos. 56, 57.) Wipro also argues that Merritt is required to produce all documents responsive to

- 3 -

its requests even though he previously attached some of those documents with his court filings. (ECF No. 64 at PageID 608.)

Regarding its interrogatories, Wipro asserts that each of Merritt's responses to Interrogatory Nos. 1-17 are insufficient. (Id. at PageID 609-12.) Wipro also argues that Merritt failed to provide his answers under oath pursuant to Federal Rule of Civil Procedure 33(b)(3). (Id. at PageID 608.)

Because of these repeated deficiencies in Merritt's discovery responses, Wipro asks that the court dismiss Merritt's complaint with prejudice. (ECF No. 64 at PageID 612.) Alternatively, Wipro requests monetary and non-monetary sanctions, including reasonable costs associated with bringing this motion and that the court stay this matter until Merritt complies. (Id. at PageID 615.) In support of its motion, Wipro attached its letter to Merritt outlining the alleged deficiencies of his responses, and its email correspondence with Merritt regarding its outstanding requests. (ECF Nos. 64-1, 64-2.)

Merritt filed his response in opposition on February 18, 2025. (ECF No. 66.) Regarding the requests for production, Merritt argues both that he has produced all documents in his possession and that Wipro already possesses many of the documents it requests. (Id.) He contends that Wipro's motion is an effort to delay the court's resolution of his second motion for summary judgment. (Id.) Merritt

does not address Wipro's requests for monetary sanctions and
dismissal.

In its Motion to Extend, Wipro asks that the court extend the
deadlines to complete discovery and to file dispositive motions by
eight weeks. (ECF No. 65.) The deadline for discovery was February
27, 2025, and the deadline for dispositive motions is March 31,
2025. (ECF No. 31.) Although Wipro indicates that Merritt opposes
the motion, (ECF No. 65 at PageID 639), Merritt did not file a
response within fourteen days as required by Local Rule 7.2(a)(2).
However, Merritt appears to oppose the motion in his Motion for
Protective Order. (ECF No. 68.)

## C.  Merritt's Motion

Merritt filed his Motion for Protective Order on February 18,
2025. (Id.) Merritt argues that Wipro's requests are harassing and
duplicative, and that it is using discovery requests to delay the
court's decision on Merritt's second motion for summary judgment.
(Id.) He also argues that he has complied with Wipro's discovery
requests. (Id.) Merritt asks that the court prohibit Wipro from
seeking documents he claims to have already produced or has
"certified as non-existent"; bar requests for documents Wipro
maintains in its ordinary course of business; and deny any requests
for an extension of discovery, among other relief. (Id. at PageID
68.) Merritt identifies some document requests he objects to in a
cursory fashion, but does not otherwise specifically address any

of Wipro's interrogatories, nor does he certify that he attempted to confer in good faith before filing his motion as required by Federal Rule of Civil Procedure 26(c)(1).

Wipro filed its response in opposition on March 4, 2025. (ECF No. 72.) Wipro argues that Merritt's motion is limited to conclusory allegations that bely the record, and it reiterates its contention that Merritt has failed to produce responsive documents. (Id.)

## II.  ANALYSIS

### A.  Legal Standard

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are

relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**B.   Motion to Compel**

Under Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted——or fails to permit inspection——as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Having fully considered the parties' arguments, the undersigned GRANTS Wipro's Second Motion to Compel as to its requests for production and interrogatories.

Reviewing Wipro's requests, the undersigned first finds that they are all relevant for the purposes of discovery. Second, the undersigned finds Merritt's contention that he has produced all documents in his possession not supported by the record. Even where Merritt has made certain documents part of the record, he is still required to produce them in response to Wipro's discovery requests. See Provost v. Corrections Corp. of Am., No. 2:08-cv-02488-JDT-

- 7 -

cgc, 2010 WL 396231, at *9 (W.D. Tenn. Jan. 27, 2020) (finding "that the fact that [the] [p]laintiff . . . introduced certain responsive documents in the record is irrelevant" for purposes of a discovery request). That Wipro possesses some of the same documents it requests as part of its business operations is also immaterial. While the court understands that Wipro may already possess some of these documents, "[e]ven if [it] already has" these documents, "this does not relieve [Merritt] of h[is] obligation to respond in accordance with the Federal Rules of Civil Procedure." Morgan v. AMISUB (SFH), Inc., No. 18-cv-2042-TLP-tmp, 2020 WL 4274586, at *3 (W.D. Tenn. July 24, 2020), aff'd, 2020 WL 4917731 (W.D. Tenn. Aug. 21, 2020) (granting defendant's motion to compel). Merritt's vague objections that Wipro's requests are unduly burdensome, (ECF No. 66 at PageID 646), do not provide any information that would allow the undersigned to meaningfully evaluate this objection, and are thus denied. See Fed. R. Civ. P. 34(b)(2)(B) (providing that a party must "state with specificity the grounds for objecting to the request"). Accordingly, Wipro's motion is GRANTED as to this request. Merritt is ORDERED to supplement his responses to Wipro's document requests within fifteen days, by providing all documents in his possession or control that are responsive to each document request.

Next, the court finds that Wipro's interrogatories are relevant and proportional to the needs of the case, and that

- 8 -

Merritt's responses are insufficient for at least two reasons.
First, Rule 33 requires that a party must answer interrogatories
"separately and fully in writing *under oath*." Fed. R. Civ. P.
33(b)(3) (emphasis added); see also S. Fifth Towers, LLC v. Aspen
Ins. UK, Ltd., No. 3:15-CV-151-CRS, 2017 WL 9285424, at *1-2 (W.D.
Ky. Jan. 5, 2017) (granting motion to compel where interrogatory
answers were not provided under oath). Merritt has not provided
his answers under oath. Second, under Rule 37, "an evasive or
incomplete disclosure, answer, or response must be treated as a
failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).
Merritt's responses range from partial answers to the wholly
unresponsive. For example, in Interrogatory No. 1, Wipro asked
that Merritt

> Identify each person who has knowledge of discoverable
> information pertaining to the claims or defenses
> asserted in this action. For each person identified,
> state his/her name, address, telephone number, a
> description of the specific facts and knowledge he or
> she has, and any documents related to the claims or
> defenses that he or she has in his or her possession,
> custody, or control.

(ECF No. 56 at PageID 522.) Merritt responded, "I have only been
in [c]ontact with Tayseer, he currently still in [sic] employed at
Medtronic's [sic] and I have not had any more contract [sic] with
Ms. Lewis."[3] (Id. at PageID 523.) In Interrogatory No. 8, Wipro

---

[3]In support of his first motion for summary judgment, Merritt filed
affidavits from Tayseer Aiash and Demetria Lewis. (ECF Nos. 34,
35.)

requested that Merritt "[i]dentify, for each week of [his] employment with [Wipro], the number of hours that [he] worked by listing the exact date of the time worked, the location where the work was performed, and any supervisors or managers who knew to whom [he] reported on that particular date." (Id. at PageID 527.) The interrogatory asked that he "provide a good faith estimate of the number of hours on that date" if he could not remember the exact number of hours he worked. (Id.) Merritt responded, "[i]f you need to see that I was not salaried, please look at the 4 check stubs I submitted with inconsistent pay." (Id. at PageID 528.) The undersigned agrees with Wipro that this response is deficient. Indeed, this request relates to information that Merritt would specifically need to prove as part of his overtime claim. See Viet v. Le, 951 F.3d 818, 822 (6th Cir. 2020) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), superseded by statute on other grounds as stated in Carter v. Panama Canal Co., 463 F.2d 1289, 1293 (D.C. Cir. 1972)) ("An employee who claims that he was not paid this overtime rate 'has the burden of proving that he performed work for which he was not properly compensated.'"). Moreover, Merritt's general contention that some requests "were repetitive and duplicative," (id. at PageID 521),

is not sufficient under Rule 33.[4] <u>See</u> <u>Sobol v. Imprimis Pharms.</u>,
No. CV 16-14339, 2017 WL 5035837, at *4 (E.D. Mich. Oct. 26, 2017)
(citing <u>Strategic Mktg. & Research Team, Inc. v. Auto Data Sols.,</u>
<u>Inc.</u>, No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar.
31, 2017)) ("[B]oilerplate objections are legally meaningless and
amount to a waiver of an objection."). Accordingly, the undersigned
GRANTS Wipro's second motion to compel as to Interrogatory Nos. 1-
17. Merritt is ORDERED to provide complete responses to all
interrogatories signed under oath within fifteen days.

Finally, regarding Wipro's requested sanctions, the
undersigned finds that dismissal is not warranted at this time.[5]
Dismissal is a proper sanction under Rule 37 where a party does
not comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v).
However, it "is the sanction of last resort." <u>Beil v. Lakewood</u>
<u>Eng'g & Mfg. Co.</u>, 15 F.3d 546, 552 (6th Cir. 1994).

The court considers four factors when evaluating whether
dismissal is warranted under Rule 37:

> The first factor is whether the party's failure to
> cooperate in discovery is due to willfulness, bad faith,
> or fault; the second factor is whether the adversary was

---

[4]In the parties' correspondence, Merritt also incorrectly contends,
without explanation, that Wipro's 18 interrogatories exceed the 25
allowed under Rule 33(a)(1). (ECF No. 64-2 at PageID 630.)

[5]Because the undersigned finds that dismissal is not warranted
here, disposition of this motion by order is appropriate. <u>See</u>
<u>Builders Insulation of Tenn., LLC v. S. Energy Sols.</u>, No. 17-cv-
2668-TLP-tmp, 2020 WL 265297, at *4-5 (W.D. Tenn. Jan. 17, 2020).

> prejudiced by the party's failure to cooperate in
> discovery; the third factor is whether the party was
> warned that failure to cooperate could lead to the
> sanction; and the fourth factor in regard to a dismissal
> is whether less drastic sanctions were first imposed or
> considered.

Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995); Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990); Reg'l Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154-55 (6th Cir. 1988)). None of these factors is dispositive. Barron v. Univ. of Mich., 613 F. App'x 480, 484 (6th Cir. 2015)

Under the first factor, "whether the party's failure is due to willfulness, bad faith, or fault—requires 'a clear record of delay or contumacious conduct.'" Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013) (quoting Freeland, 103 F.3d at 1277). "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." Id. at 704-05 (quoting Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008)) (internal quotations omitted). "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [their] conduct on those proceedings." Id. (quoting Tung-Hsiung Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005)) (internal quotations omitted). Wipro argues that Merritt has engaged in bad faith conduct by stating his intention not to produce any more

information and by refusing to comply with the court's previous
order. While the undersigned has serious concerns regarding
Merritt's approach to discovery, it would appear that Merritt's
deficient responses and his conduct are partly the product of bad
faith and partly due to his lack of legal sophistication and
misunderstanding the requirements of discovery.

Under the second factor, "[a] defendant is prejudiced by a
plaintiff's dilatory conduct if the defendant is 'required to waste
time, money, and effort in pursuit of cooperation which [the non-
compliant party] was legally obligated to provide.'" Id. at 707
(quoting Harmon v. CSX Transp., 110 F.3d 364, 368 (6th Cir. 2013)).
Wipro has been prejudiced by Merritt's conduct, in part because it
"has expended significant resources attempting to obtain routine
discovery," (ECF No. 64 at PageID 613), and because Merritt has
not complied with basic discovery requests before the February 27,
2025 deadline.

With respect to the third factor, Merritt has received one
prior warning that his complaint could be dismissed if he failed
to comply with the court's January 23, 2025 order.[6] (ECF No. 55 at
PageID 520.) Under the fourth factor, the undersigned has not
previously imposed or considered less drastic sanctions against

---

[6]The presiding district judge has also warned Merritt that failure
to comply with procedural rules could result in sanctions. (ECF
No. 23 at PageID 266.)

Merritt. Moreover, the undersigned finds that an extension of the deadlines should allow Wipro to obtain the information it is requesting. Thus, while Wipro's arguments are well taken, the undersigned finds that dismissal is inappropriate at this time. Accordingly, Wipro's motion is DENIED to the extent it requests dismissal.

The court, having considered less drastic sanctions, at this time declines to award expenses or monetary sanctions. Kindred v. Memphis Light, Gas & Water Div., No. 19-cv-2660-TLP-tmp, 2021 WL 6751896, at *4 (W.D. Tenn. Apr. 21, 2021) (declining to award expenses while granting a motion to compel in part because of plaintiff's *pro se* status); see also Fed. R. Civ. P. 37(a)(5)(A)(iii) ("[T]he court must not order this payment if . . . other circumstances make an award of expenses unjust."). Accordingly, Wipro's request for expenses is DENIED.

Though the court declines to impose sanctions at this time, Merritt has been warned twice that failure to comply with procedural rules and court orders will lead to sanctions. (ECF Nos. 23 at PageID 266; 55 at PageID 520.) Merritt is once again warned that failure to timely and completely respond to Wipro's discovery requests or to comply with the court's orders will result in more severe sanctions, including dismissal of his complaint and monetary sanctions.

C.    **Motion for Protective Order**

Rule 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "To determine whether good cause exists, and the proper level of protection, the court 'must balance the requesting party's need for discovery against the resisting party's claimed harm that will result from disclosure.'" Westbrook v. Charlie Sciara & Son Produce Co., No. 07-2657 MA/P, 2008 WL 839745, at *4 (W.D. Tenn. Mar. 27, 2008) (quoting In re Michael Wilson & Partners, Ltd., No. 06-cv-02575-MSK-KLM, 2007 WL 3268475, at *1 (D. Colo. Oct. 30, 2007)).

Based on the record before the court, Merritt has not fulfilled his discovery obligations, nor has he shown good cause for a protective order. Merritt provides only general objections to Wipro's requests. While he identifies some interrogatories and production requests he believes are objectionable, he provides only cursory statements that do not allow the court to meaningfully evaluate his concerns. These objections are thus not sufficient. Sobol, 2017 WL 5035837, at *4.

Merritt's arguments that the requests are unduly burdensome are also not persuasive. First, Merritt argues that he must travel thirty miles to the court to file responses. (ECF No. 68 at PageID 651.) Merritt is not required to (nor should he) file his discovery

- 15 -

responses with the court, so this does not make Wipro's requests unduly burdensome. Second, as discussed above, Merritt is required to produce relevant documents even where Wipro might already possess them or where he has made them part of the record. Merritt does not otherwise clearly argue how Wipro's requests are unduly burdensome.

Accordingly, Merritt's motion is DENIED. While some of Wipro's requested documents might not exist, Merritt must respond to that effect to Wipro's specific requests.

**D.    Motion to Extend**

In its Motion to Extend Deadlines, filed on February 13, 2025, Wipro asks for an eight-week extension of the deadlines to complete discovery and to file dispositive motions. (ECF No. 65.) Wipro represents that Merritt opposes the extension, (id. at PageID 639), and though he did not respond to the motion as required by the Local Rule 7.2(a)(2), Merritt indicates his opposition in his Motion for Protective Order, (ECF No. 68).

Based on the court's conclusions above, the undersigned finds that an extension of deadlines is warranted. Accordingly, Wipro's motion is GRANTED. The deadline to complete all discovery is extended to April 30, 2025, and the deadline to file dispositive motions and motions to exclude experts is extended to May 28, 2025. The undersigned is mindful of the July 28, 2025 trial date, but this extension does not alter that date. Unless otherwise ordered

- 16 -

by the presiding district judge, the trial date will remain the same.

### III. CONCLUSION

For the reasons above, Wipro's Motion to Compel is GRANTED in part and DENIED in part, Wipro's Motion to Extend is GRANTED, and Merritt's Motion for Protective Order is DENIED. The deadline to complete discovery is now April 30, 2025, and the deadline to file dispositive motions and motions to exclude experts is now May 28, 2025.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 6, 2025
Date