IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **KENNETH MERRITT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 23-cv-02453-SHM-tmp |
| | ) |
| | ) |
| **WIPRO LIMITED,** | ) |
| | ) |
| Defendant. | ) |

---

**ORDER DENYING PLAINTIFF'S MOTION TO REASSIGN CASE AND FOR RECONSIDERATION OF SUMMARY JUDGMENT**

---

Before the court is *pro se* plaintiff Kenneth Merritt's Motion to Reassign the Case to a Senior Judge and Reconsideration of Summary Judgment, filed on March 26, 2025.[1] (ECF No. 79.) Defendant Wipro Limited ("Wipro") filed its response in opposition on April 9, 2025. (ECF No. 80.) For the reasons below, the motion is DENIED.

I. BACKGROUND

Merritt originally filed his complaint in state court on May 23, 2023, alleging unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as well as various state law claims. (ECF No. 1.) Wipro removed the case to the Western

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination and/or report and recommendation, as appropriate.

District of Tennessee on July 28, 2023. (ECF No. 1.) On March 28, 2024, District Judge Samuel H. Mays granted Wipro's motion to dismiss in part and dismissed Merritt's state law claims, and denied the motion in part and allowed Merritt's FLSA claim to proceed. (ECF No. 24.)

On August 5, 2024, Merritt filed his first motion for summary judgment. (ECF No. 32.) On December 10, 2024, the undersigned entered a report and recommendation (the "First R&R") recommending that Merritt's motion be denied as premature. (ECF No. 50.) Merritt then filed a motion for reconsideration of the First R&R on December 16, 2024, which the undersigned denied on January 6, 2025. (ECF Nos. 51, 54.) Judge Mays adopted the First R&R on February 6, 2025. (ECF No. 60.)

On February 13, 2025, Merritt filed his second motion for summary judgment. (ECF No. 62.) On March 25, 2025, the undersigned entered a report and recommendation (the "Second R&R") recommending that Merritt's motion be denied. (ECF No. 78.) First, the undersigned found that Merritt's second motion was again premature, in part because the undersigned had previously granted Wipro's two motions to compel due to Merritt's failure to engage in discovery. (Id. at PageID 781-82; see also ECF Nos. 52, 55, 63, 74.) Second, the undersigned alternatively found that Merritt's motion failed on the merits because he did not present sufficient

evidence to prove his FLSA claim under the summary judgment standard. (ECF No. 78 at PageID 783-84.)

The next day, on March 26, 2025, Merritt filed the instant motion, requesting that a new judge be assigned to the case and that the undersigned reconsider the Second R&R. (ECF No. 79.) Wipro filed its response in opposition on April 9, 2025. (ECF No. 80.) The Second R&R remains pending before the presiding district judge.

On April 14, 2025, without having sought leave of the court pursuant to Western District of Tennessee Local Rule 7.2(c), Merritt filed an unauthorized reply. (ECF No. 81.) Because the court has previously warned Merritt that failure to comply with Local Rules would result in sanctions and has previously excluded Merritt's unauthorized reply briefs, (ECF Nos. 23, 48), the undersigned will not consider Merritt's reply brief, and *sua sponte* ORDERS that Merritt's brief be struck from the record.[2] And, once again, Merritt is instructed to familiarize himself with the Local Rules.[3]

---

[2]Furthermore, even if the undersigned considered Merritt's reply, it would not change the outcome.

[3]The Local Rules can be found at the following web address: https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

## II.  ANALYSIS

### A.  Motion to Reassign

First, citing 28 U.S.C. § 636, Merritt requests that the undersigned reassign this case to another judge, based on Merritt's disagreement with the Second R&R. (ECF No. 79.) Section 636 outlines the jurisdiction and powers of United States magistrate judges. See generally 28 U.S.C. § 636. Neither § 636, the Federal Rules of Civil Procedure, nor the Western District of Tennessee Local Rules provide a basis to reassign this matter. See id.; Fed. R. Civ. P. 72; L.R. 83.8. Accordingly, the undersigned construes Merritt's filing as a motion for recusal.

Judges are presumed impartial, and the moving party carries the burden of demonstrating that recusal or disqualification is warranted. Burley v. Gagacki, 834 F.3d 606, 616 (6th Cir. 2016) (citing Consol. Rail Corp. v. Yashinsky, 170 F.3d 591, 597 (6th Cir. 1999)). "Under 28 U.S.C. § 455(a), a judge 'shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" Melchor v. United States, No. 16-1160, 2016 WL 9447162, at *2 (6th Cir. Sept. 23, 2016) (quoting 28 U.S.C. § 455(a)). "[R]ecusal is required if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." Id. (internal quotations and citations omitted). "The judge need not recuse himself based on the subjective view of a party, no matter how strongly that view is

held." Id. (internal quotations, citations, and alterations omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). "[O]nly in the rarest circumstances" can rulings "evidence the degree of favoritism or antagonism required" to justify recusal. Id. Similarly, "[j]udicial remarks" accompanying a ruling "ordinarily do not support a bias or partiality challenge." Id.

A judge must also recuse "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Also relevant is 28 U.S.C. § 144, which states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

28 U.S.C. § 144. "It is well settled that sections 144 and 455 must be construed *in pari materia*." United States v. Owens, No. 2:17-cv-2788-JPM-cgc, 2018 WL 7075600, at *1 (W.D. Tenn. Nov. 30, 2018) (citing United States v. Story, 716 F.2d 1088, 1091 (6th Cir. 1983)) (internal quotations omitted). "[D]isqualification

under section 455(a) must be predicated as previously under section 144, upon extrajudicial conduct rather than on judicial conduct." Id. (quoting City of Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir. 1983)).

Even if there is no statutory basis for recusal, to ensure public confidence in the judicial process, the court must avoid even an appearance of impropriety. Huth v. Hubble, No. 5:14-cv-1215, 2016 WL 6610808, at *5 (N.D. Ohio Feb. 23, 2016) (citing Union Planters Bank v. L & J Dev. Co., 115 F.3d 378, 383 (6th Cir. 1997)). The Code of Judicial Conduct requires that a judge disqualify himself or herself where a judge's impartiality might reasonably be questioned. Id. (citing Canon 2(A) and 3(C)(1) of the Code of Judicial Conduct for United States Judges). "Although mindful of its duty to sit where disqualification is not required, there are circumstances where it may be appropriate for a judge to disqualify herself, even when no actual partiality, bias, or prejudice exists." Id.; see also Code of Conduct for United States Judges, Canon 3(C)(1)(a) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]").

A reasonable, objective person with knowledge of all the circumstances would not question the undersigned's impartiality. Merritt points only to the Second R&R as evidence of bias, but it is well settled that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and Merritt's motion does not meet the exceptional circumstances required for judicial rulings alone to warrant recusal. Liteky, 510 U.S. at 555 (citing Grinnell Corp., 384 U.S. at 583); see also Gray, 2024 WL 4608180, at *3 (denying plaintiff's motion to recuse where the "allegations exclusively relate[d] to [] judicial decisions"). Furthermore, it appears that Merritt is confused about the effect of Judge Mays's March 28, 2024 Order. Surviving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), where the court *assumes* that all well-pleaded facts are true, does not mean that Merritt has affirmatively proven his FLSA claim, such that he would be entitled to summary judgment under Federal Rule of Civil Procedure 56. See generally Ashcroft v. Iqbal, 556 U.S. 662 (2009) (outlining requirements to survive a Rule 12(b)(6) motion to dismiss); Viet v. Le, 951 F.3d 818 (6th Cir. 2020) (discussing summary judgment standard in context of the FLSA); Fed. R. Civ. P. 12, 56.

Accordingly, Merritt's motion is DENIED as to his request for recusal.

**B.   Motion for Reconsideration**

Merritt also asks the court to reconsider the Second R&R. (ECF No. 79.) It appears that Merritt largely rehashes his arguments from his second motion for summary judgment, in addition to his arguments around the effect of Judge Mays's March 28, 2024 Order. Although Merritt does not invoke any basis for his request, Western District of Tennessee Local Rule 7.3 allows parties to file a motion for the revision of any interlocutory order, pursuant to Federal Rule of Civil Procedure 54(b). L.R. 7.3(a). Under that rule, the movant must show:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

L.R. 7.3(b). The undersigned finds that Merritt has not satisfied any of these bases. Instead, it appears that Merritt simply disagrees "with the court's findings after considering the parties' arguments." Kiner v. City of Memphis, No. 23-cv-02805-SHL-tmp, 2024 WL 4983161, at *2 (W.D. Tenn. Dec. 4, 2024) (denying plaintiff's motion for reconsideration). Accordingly, to the extent Merritt is seeking a revision of the Second R&R, Merritt's motion is DENIED. However, this ruling does not affect the motion

to the extent Merritt intended it as an objection to the Second R&R.

### III. CONCLUSION

For the reasons above, Merritt's Motion is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

May 2, 2025
Date
