IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **KENNETH MERRITT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 23-cv-02453-SHM-tmp |
| | ) |
| **WIPRO LIMITED,** | ) |
| | ) |
| Defendant. | ) |

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL**

---

Before the court is *pro se* plaintiff Kenneth Merritt's "Motion for Recusal Based on Improper Sua Sponte Assumptions and Prejudgment," filed on May 5, 2025.[1] (ECF No. 88.) Defendant Wipro Limited ("Wipro") responded in opposition on May 15, 2025. (ECF No. 93.) For the reasons below, the motion is denied.

## I.   BACKGROUND

On March 25, 2025, the undersigned entered a report and recommendation, recommending that Merritt's second motion for summary judgment on his Fair Labor Standards Act ("FLSA") claim for unpaid overtime be denied. (ECF No. 78.) In part, the undersigned found that Merritt's motion failed because his proffered evidence did not meet the burden for summary judgment.

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

(Id. at PageID 783-84.) That report and recommendation is pending before the presiding district judge.

The next day, on March 26, 2025, Merritt filed a motion styled "Motion to Reassign Case to A Senior Judge and Reconsideration of Summary Judgment." (ECF No. 79.) Relevant here, Merritt asked that this case be reassigned to a different judge, citing 28 U.S.C. § 636. (Id.) Merritt argued that District Judge Samuel H. Mays, Jr. had already "recogniz[ed] the validity of [his] FLSA claim" based on Judge Mays's March 28, 2024 order denying Wipro's motion to dismiss.[2] (Id. at PageID 786-87.) After Wipro responded in opposition to his motion, Merritt filed a reply brief on April 14, 2025, without seeking leave of court as required by Western District of Tennessee Local Rule 7.2(c). (ECF Nos. 80, 81.)

On May 2, 2025, the undersigned denied Merritt's motion in whole. (ECF No. 86.) As to Merritt's request that the case be reassigned, the undersigned explained that "[§] 636 outlines the jurisdiction and powers of United States magistrate judges" and does not "provide a basis to reassign this matter." (Id. at PageID 874.) Because of the nature of Merritt's request, the undersigned construed his motion as a motion for recusal. (Id.)

---

[2] In that order, Judge Mays found that Merritt alleged adequate facts on his FLSA overtime claim to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 24 at PageID 279-86.)

- 2 -

The undersigned found that recusal was not warranted because Merritt had only pointed to past judicial rulings in support of his motion. (Id. at PageID 877.) Additionally, the undersigned remarked "it appears that Merritt is confused about the effect of Judge Mays's March 28, 2024 Order," explaining that surviving a motion to dismiss under Rule 12(b)(6) does not then entitle him to summary judgment on his FLSA claim. (Id.) The undersigned also *sua sponte* struck Merritt's unauthorized reply brief because the court had previously warned Merritt about complying with the Local Rules and excluded his unauthorized reply briefs. (Id. at PageID 873; see also ECF Nos. 23 (denying Wipro's motion to strike and instructing Merritt to familiarize himself with the Local Rules); 48 (granting Wipro's motion to exclude Merritt's unauthorized reply brief).)

On May 5, 2025, Merritt filed the instant motion asking the undersigned to recuse pursuant to 28 U.S.C. § 455.[3] (ECF No. 88.) Merritt takes issue with at least three aspects of the undersigned's May 2, 2025 order. First, Merritt argues that the language suggesting that he was "confused about the effect of Judge May's March 28, 2024 Order" was somehow improper. (Id. at PageID 885-86.) Second, Merritt argues that the undersigned's *sua sponte* recharacterization of his request for reassignment as

---

[3]Merritt also invokes Canons 2 and 3 of the Code of Conduct for United States Judges. (ECF No. 88 at PageID 885.)

a motion to recuse was also not proper because he "never requested recusal." (Id. at PageID 886.) Third, Merritt argues that the undersigned has treated him differently from Wipro by *sua sponte* striking his unauthorized reply brief.[4] (Id. at PageID 886-87.) Merritt also filed an affidavit in support of his motion pursuant to 28 U.S.C. § 144. (ECF No. 88-1.) He largely repeats the arguments from his motion, as well as raising similar arguments related to the undersigned's previous rulings in this case. (Id.)

Wipro responded in opposition on May 15, 2025. (ECF No. 93.) On May 23, 2025, Merritt filed another unauthorized reply, styled as a "Supplemental Brief," without leave of court under Local Rule 7.2(c).[5] (ECF No. 94.)

---

[4] The remainder of Merritt's motion appears to be copied from his March 13, 2025 response to Wipro's March 5, 2025 motion to strike. (Compare ECF No. 77 at PageID 757-60 with ECF No. 88 at PageID 887-90.) While it is unclear whether this was intentional, these arguments are not relevant to the resolution of this matter.

[5] Regardless of whether Merritt styles his filings as a reply or a supplemental brief, his brief is neither contemplated nor permitted by the Local Rules. The court has repeatedly warned Merritt about complying with the Local Rules, and it has stricken his unauthorized briefs on multiple occasions. (ECF Nos. 23, 48, 86.) Because Merritt has repeatedly failed to follow the court's instructions, it is hereby ORDERED that Merritt's unauthorized brief be STRICKEN from the record. Moreover, as discussed below, Merritt's argument that Wipro has engaged in similar conduct is frivolous.

## II.  ANALYSIS

### A.  Legal Standard

"The Sixth Circuit has repeatedly affirmed that 'a judge is presumed to be impartial,' . . . and 'there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is[.]'" Jamar-Mamon v. Univ. of Cincinnati, 758 F. Supp. 3d 756, 761 (S.D. Ohio 2024) (first quoting Scott v. Metro. Health Corp., 234 F. App'x 341, 352 (6th Cir. 2007); and then quoting Easley v. Univ. of Mich. Bd. of Regents, 853 F.2d 1351, 1356 (6th Cir. 1988)).

Recusal is governed by 28 U.S.C. § 455 and § 144.[6] Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This "imposes an objective standard," rather than a subjective one, and "a judge must disqualify himself 'where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Burley v. Gagacki, 834 F.3d 606, 615-16 (6th Cir. 2016) (first citing United States v. Dandy, 998 F.2d 1344, 1349 (6th Cir. 1993); and then quoting United States v. Adams, 722 F.3d 788, 837 (6th Cir. 2013)); see also Garrett

---

[6]"The statutory obligation of a federal judge to recuse found in 28 U.S.C. § 455 is almost word-for-word identical, with merely editorial differences, to Canon 3 C of the Code of Conduct for United States Judges." Ragozzine v. Youngstown State Univ., 783 F.3d 1077, 1080 (6th Cir. 2015).

v. Ohio State Univ., 60 F.4th 359, 369 (6th Cir. 2023) ("The standard is an objective one; hence, the judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held." (quoting United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990)) (citation modified)).

Under Section 455(b)(1), a judge must also recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "Section 455(b)(1) requires disqualification for *actual* partiality[.]" LeVay v. Morken, 590 F. Supp. 3d 1037, 1044 (E.D. Mich. 2022) (citing Youn v. Track, Inc., 324 F.3d 409, 423 (6th Cir. 2003); United States v. Jamieson, 427 F.3d 394, 405 (6th Cir. 2005); In re M. Ibrahim Khan, P.S.C., 751 F.2d 162, 164 (6th Cir. 1984)).

Similarly, 28 U.S.C. § 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Id. § 144. That affidavit must "state the facts and the reasons for the belief that bias or prejudice exists."[7] Id. Under § 144,

---

[7] Furthermore, "[a] party may file only one such affidavit in any case." 28 U.S.C. § 144. "It shall be accompanied by a certificate of counsel of record stating that it is made in good faith." Id.

"a district court is required to accept as true the factual allegations of the movant's affidavit, but the court 'may only credit facts that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient.'" Scott, 234 F. App'x at 352 (quoting Hoffman v. Caterpillar, Inc., 368 F.3d 709, 718 (7th Cir. 2004)).

Sections 144 and 455 are construed *in pari materia*, Youn, 324 F.3d at 423 (quoting United States v. Story, 716 F.2d 1088, 1091 (6th Cir. 1983)), and the Supreme Court has explained that the terms bias or prejudice "connote a favorable or unfavorable disposition or opinion that is somehow *wrongful or inappropriate*," Liteky v. United States, 510 U.S. 540, 550 (1994); see also United States v. Liggins, 76 F.4th 500, 506 (6th Cir. 2023) ("Under Liteky, the terms 'bias or prejudice' connote instances of partiality or opinions that are 'somehow *wrongful or inappropriate*.'" (quoting Liteky, 510 U.S. at 550-52)).

Under both § 144 and § 455, the most "common basis" for demonstrating bias is the extrajudicial source doctrine. Liteky, 510 U.S. at 551. "Extrajudicial conduct encompasses only 'personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law.'" Youn, 324 F.3d at 423 (quoting United

- 7 -

States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." Id. (citing Wheeler v. Southland Corp., 875 F.2d 1246, 1251-52 (6th Cir. 1989)).

Alternatively, "in the rarest circumstances," a movant may demonstrate bias through judicial rulings or remarks. Liteky, 510 U.S. at 555. As the Supreme Court explained in Liteky, "judicial rulings [and remarks] alone almost never constitute a valid basis for a bias or partiality motion," but they will support a finding of bias or prejudice "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky, 510 U.S. at 555 (citing Grinnell Corp, 384 U.S. at 583). The "extreme" bias or prejudice standard is difficult to satisfy. See Liggins, 76 F.4th at 506-09 (finding that district judge's disparaging remarks about the defendant, including racially insensitive comments, satisfied the "difficult" recusal standard); Adams, 722 F.3d at 838 ("Defendants have not met the 'extreme' bias or prejudice standard under Liteky because the district court judge's statements amount to criticism and disapproval of defendants and other coconspirators, not deep-seated favoritism or antagonism." (citing Liteky 510 U.S. at 555)).

**B.   Motion to Recuse**

The undersigned finds that recusal is not warranted because a reasonable, objective person with knowledge of all the circumstances would not question the undersigned's impartiality. Essentially, Merritt is asking the undersigned to recuse based on Merritt's disagreement with the May 2 order's finding that recusal was not warranted. But Merritt fails to allege any *personal* bias or prejudice within the meaning of § 144 or § 455.

Moreover, Merritt's disagreements with the May 2 order are frivolous. First, his argument that it was improper to recast his request for reassignment as a motion for recusal is without support. Given that he was asking the undersigned to be removed from this case based on a prior report and recommendation, there is no functional difference between those requests. Second, Merritt has not pointed to any facts in the record to support his argument that Wipro has committed similar violations of the Local Rules without corresponding sanctions. His sole basis is that Wipro filed a second motion to extend deadlines in which it asked the court to extend the deadline for discovery and continue the trial date, based in part on Merritt's failure to engage in discovery, causing Wipro to file three motions to compel.[8] (See ECF No. 85.) Wipro's motion to extend does not

---

[8] It should be noted that Merritt has also subsequently moved to extend discovery deadlines. (ECF No. 95.)

- 9 -

violate the Federal Rules of Civil Procedure, the Local Rules, nor any other legal authority. Lastly, Merritt's arguments about the language of the May 2 order suggesting he was "confused" fall well short of the "extreme" standard outlined in Liteky because it does not "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky, 510 U.S. at 555.

Indeed, Merritt's request centers on his disagreement with the May 2 order and the undersigned's past rulings, but this "is not a basis for disqualification." Fharmacy Recs. v. Nassar, 572 F. Supp. 2d 869, 876 (E.D. Mich. 2008) (citing Liteky, 510 U.S. at 555-56). Merritt's motion is premised only on his subjective perception of bias. But the undersigned "need not recuse himself based on the subjective view of a party[,] no matter how strongly that view is held." Garrett, 60 F.4th at 369 (quoting Sammons, 918 F.2d at 599) (citation modified). Merritt has not identified any facts suggesting perceived or actual bias under 28 U.S.C. § 144 or § 455.

### III. CONCLUSION

For the foregoing reasons, Merritt's Motion to Recuse is DENIED.

IT IS SO ORDERED.

                                                 s/Tu M. Pham
                                                 TU M. PHAM
                                                 Chief United States Magistrate Judge

<u>June 10, 2025                      </u>
Date

Case 2:23-cv-02453-SHM-tmp    Document 100    Filed 06/10/25    Page 11 of 11
PageID 983