```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

_____

| | |
|---|---|
| **KENNETH MERRITT,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 23-cv-02453-SHM-tmp |
| | ) |
| **WIPRO LIMITED,** | ) |
| | ) |
|     Defendant. | ) |

_____

                    **REPORT AND RECOMMENDATION**
_____

Before the court is defendant Wipro Limited's ("Wipro") Motion for Rule 37 Sanctions or, in the Alternative, Third Motion to Compel Complete Discovery Responses, filed on April 18, 2025.[1] (ECF No. 82.) *Pro se* plaintiff Kenneth Merritt filed his response in opposition on April 21, 2025. (ECF No. 83.) For the reasons below, the undersigned recommends that Wipro's motion be granted, and that Merritt's complaint be dismissed with prejudice.

## I.   PROPOSED FINDINGS OF FACT

**A.   Relevant Procedural History**

The instant complaint was filed by Merritt on May 23, 2023, alleging he was denied overtime pay under the Fair Labor

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

Standards Act ("FLSA"). (ECF No. 1.) This is now Wipro's third motion related to Merritt's failure to engage in discovery. Wipro filed its first motion to compel on December 17, 2024. (ECF No. 52.) After Merritt did not respond, the undersigned granted Wipro's motion on January 23, 2025. (ECF No. 55.) The court ordered Merritt to serve full and complete answers to Wipro's interrogatories and requests for production, and deemed admitted Wipro's requests for admission pursuant to Federal Rule of Civil Procedure 36. (Id. at PageID 520.) The undersigned warned Merritt that failure to timely respond would result in sanctions, including dismissal of his complaint.

Merritt filed his responses to Wipro's interrogatories with the court on January 28, 2025. (ECF Nos. 56, 57.) Wipro then filed its second motion to compel on February 13, 2025, arguing that Merritt's responses were deficient and that he had not produced any documents. (ECF Nos. 63, 64.) Wipro requested that the court dismiss Merritt's complaint as a sanction for his conduct. (ECF No. 64 at PageID 615.) Merritt responded in opposition on February 18, 2025, concurrently filing his first motion for a protective order. (ECF Nos. 66, 68.)

On March 6, 2025, the undersigned granted Wipro's motion as to its discovery requests. (ECF No. 74.) The undersigned first found that Wipro's requests for documents were relevant and that Merritt's responses were deficient. (Id. at PageID 699.) The

- 2 -

undersigned rejected Merritt's arguments that filing his documents on the docket satisfied his discovery obligations and that he should not have to produce documents that Wipro might maintain in the ordinary course of its business. (Id. at PageID 699-700.) The undersigned also rejected Merritt's objections that the requests were unduly burdensome because those objections were vague and thus legally insufficient. (Id. at PageID 700.)

Similarly, the undersigned found that Wipro's interrogatories were relevant and proportional to the needs of the case. (Id.) The undersigned found that Merritt's responses were deficient because they were not made under oath and they "range[d] from partial answers to [] wholly unresponsive." (Id. at PageID 701.) Regarding Interrogatory No. 8, relating to the number of hours Merritt alleges he worked, the undersigned explained that "this request relates to information that Merritt would specifically need to prove as part of his overtime claim." (Id. at PageID 702 (citing Viet v. Le, 951 F.3d 818, 822 (6th Cir. 2020)).) The undersigned also rejected Merritt's arguments that Wipro's requests were repetitive. (Id. at PageID 702-03 (citing Sobol v. Imprimis Pharms., No. CV 16-14339, 2017 WL 5035837, at *4 (E.D. Mich. Oct. 26, 2017)).)

But the undersigned denied Wipro's motion as to its requests for dismissal and monetary sanctions. The undersigned

found that Merritt's conduct was "partly the product of bad faith and partly due to his lack of legal sophistication and misunderstanding the requirements of discovery," that his conduct had prejudiced Wipro, and that the court had previously warned Merritt about complying with court orders. (Id. at PageID 704-05.) Nevertheless, because the court had not previously considered less drastic sanctions, the undersigned found that dismissal and monetary sanctions were not warranted at that time. (Id. at PageID 705-06.) The undersigned warned Merritt that his failure to comply with the court's order would result in more severe sanctions, including dismissal. (Id. at PageID 706.)

At that time, the court also denied Merritt's first motion for a protective order, finding that Merritt had not shown good cause.² (Id. at PageID 707-08.) Because of Merritt's delays in discovery, the undersigned granted Wipro's motion to extend discovery deadlines and to file dispositive motions, resetting those deadlines for April 30 and May 28, 2025, respectively. (Id. at PageID 708.)

---

²In response to Merritt's argument that filing his discovery responses with the court was unduly burdensome, the undersigned explained that "Merritt is not required to (nor should he) file his discovery responses with the court." (ECF No. 74 at PageID 707-08.)

On March 10, 2025, Merritt again filed his discovery responses with the court, even after he was informed not to do so. (ECF Nos. 75, 76.)

**B.  Wipro's Motion**

Wipro filed the instant motion on April 18, 2025, arguing that Merritt has not complied with the court's March 6 order. (ECF No. 82.) Wipro argues that Merritt has not produced a single document, and that his interrogatory responses filed with the court on March 10, 2025, remain deficient. (ECF No. 82-3 at PageID 835.) According to Wipro, it sent Merritt a letter on April 9, 2025, describing these deficiencies. (ECF No. 82-1, 82-3.) Wipro alleges that Merritt did not correct his responses, and instead responded via email refusing to comply. (ECF Nos. 82-3 at PageID 835; 82-2.) In that email, Merritt informed Wipro's counsel of his position that his various court filings satisfied his discovery obligations. (ECF No. 82-2 at PageID 833.) Because of Merritt's alleged failure to participate in discovery in good faith, Wipro asks that the court dismiss Merritt's complaint as a sanction under of Federal Rule of Civil Procedure 37. (ECF No. 82-3 at PageID 837-41.)

In the alternative, Wipro moves the court to compel Merritt's responses. (Id. at PageID 841-47.) Wipro reiterates that Merritt still has not produced any documents in response to any of its previous requests. (Id. at PageID 841-43.) As to its

interrogatories, Wipro argues that Merritt has not fully answered Interrogatories Nos. 1, 2, 4, 5, 7, 8, 9, and 17. (Id. at PageID 843-47.) Additionally, Wipro requests monetary sanctions in the form of fees and costs associated with this motion. (Id. at PageID 847.) Wipro attached the deficiency letter it sent to Merritt in support. (ECF No. 82-1.)

Merritt responded in opposition on April 21, 2025. (ECF No. 83.) He argues that Wipro's arguments are "a false narrative." (Id. at PageID 849.) He reiterates several of his prior arguments, including that filing certain documents with the court satisfies his discovery obligations and that Wipro's requests are duplicative. (Id. at PageID 852-53.) He also accuses Wipro of failing to produce documents, (id. at PageID 852-53), but he does not present any evidence that he ever served document requests on Wipro.

Merritt also concurrently filed his Second Motion for Protective Order. (ECF No. 84.) There, Merritt reiterates his past arguments that Wipro's discovery requests are repetitive, burdensome, and harassing.³ (Id.) Wipro filed its response in opposition on May 5, 2025. (ECF No. 91.) On May 9, 2025, Merritt filed a reply brief without seeking leave of court as required by Western District of Tennessee Local Rule 7.2(c). (ECF No.

---

³Merritt did not specify the parameters of his requested protective order.

92.) Merritt again reiterates his argument that he has complied with discovery by filing documents with the court. (Id. at PageID 918-19.)

On April 30, 2025, Wipro filed its second Motion to Extend Deadlines and Continue Trial. (ECF No. 85.) Wipro asks that the court extend deadlines for completing discovery and filing dispositive motions, and that the court reset the trial date pending receipt of discovery. (Id.) Merritt filed his response in opposition on May 5, 2025. (ECF No. 87.) He argues that Wipro's motion is unauthorized under "Local Rule [X] / Federal Rule 7(b)(1)," and Federal Rule of Civil Procedure 16(b)(4). (Id. at PageID 881 (bracket in original).) He asks that the motion be stricken and that the court impose sanctions under Federal Rule of Civil Procedure 11.[4] (Id. at PageID 882.)

Also on May 5, 2025, Merritt filed two documents with the court requesting discovery. The first is styled "Plaintiff Request for the First Set of Interrogatories," in which he propounds twenty-eight interrogatories, and the second is styled "Plaintiff's First Request for Production of Documents to Defendant Wipro." (ECF Nos. 89, 90.) Merritt filed both requests after the April 30 discovery deadline.

---

[4] The undersigned finds that Wipro's Motion to Extend does not violate any of the Federal Rules of Civil Procedure, nor does it warrant any sanctions.

- 7 -

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Legal Standard

Under Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). "If a party . . . fails to obey an order to provide or permit discovery," the court may "dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). The decision to dismiss a complaint for failure to comply with a discovery obligation or court order is within the discretion of the trial court. Mager v. Wis. Cent. Ltd., 924 F.3d 831, 837 (6th Cir. 2019) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam); Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999); Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997)). But it "is the sanction of last resort." Beil v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994).

The court must consider four factors to determine whether dismissal is an appropriate sanction for failing to comply with a court order:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Mager, 924 F.3d at 837 (quoting United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002)). No one factor is dispositive. Id.

Although *pro se* litigants are generally accorded lenient treatment, that leniency "has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citing Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)). *Pro se* litigants are required to comply with procedural rules, McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."), "especially when dealing with 'easily understood' instructions," Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 767 (6th Cir. 2019) (quoting Pilgrim, 92 F.3d at 413).

**B. Merritt has not Complied with the Court's Orders**

The undersigned first finds that Merritt has not complied with the court's March 6, 2025 order for the following reasons.

*1. Interrogatories*

In its motion, Wipro argues that Merritt's responses to Interrogatory Nos. 1-2, 4-5, 7-9, and 17 are deficient. (ECF No. 82-3 at PageID 843-846.) In his response, Merritt only addresses

- 9 -

Wipro's arguments as to Interrogatory Nos. 1 and 2, but his discovery responses filed with the court contain several objections. (ECF Nos. 75, 76, 83.) Although the undersigned agrees that Merritt did not fully answer Interrogatory Nos. 1, 2, 4, 5, and 17, (see ECF No. 75 at PageID 712-14, 725), his responses substantially comply with those requests and thus do not warrant sanctions individually. Instead, the undersigned's analysis will focus on the substantial deficiencies in Merritt's responses to Interrogatory Nos. 7, 8, and 9.

    a.    <u>Interrogatory No. 7</u>

Interrogatory No. 7 reads as follows:

> If you have been a party in a lawsuit or other judicial or administrative proceeding (including, but not limited to, bankruptcy, unemployment compensation or other benefits, workers' compensation, and/or divorce) other than the present matter, identify the lawsuit or proceeding, the nature of the proceeding, whether you were the plaintiff/claimant or defendant/respondent, the date and court or agency in which the lawsuit or proceeding was filed, and the current status or disposition of the proceeding.

(Id. at PageID 715-16.) In his prior deficient response, Merritt responded in whole, "I have active lawsuits." (ECF No. 56 at PageID 527.) Following the court's March 6 order, Merritt revealed that he has been or is currently involved in "about 30+ legal matters, including cases in General Sessions Court, Circuit Court, Federal District Court, Workers' Compensation proceedings, Appellate Court, Federal Appellate Court, and

arbitration." (ECF No. 75 at PageID 716.) Merritt objects to the burden of this request, responding that "provid[ing] information about the *types* of legal matters . . . is a fair and reasonable compromise," and that he would only "provide further details about cases directly relevant to this FLSA claim, or as directed by the Court." (Id.)

The undersigned finds that this response is deficient. While the undersigned is mindful of the burden of listing details for over thirty different legal matters, Merritt had not previously objected to or otherwise raised specific concerns to the court about this request. Any objections were thus waived. While this information is not essential to the underlying FLSA claim, it is relevant for the purposes of discovery. Moreover, although not sufficient alone to warrant sanctions, Merritt's behavior demonstrates a lack of good faith that is further compounded by his deficient responses discussed below. Accordingly, the undersigned finds that Merritt failed to comply with the court's March 6 order as to Interrogatory No. 7.

      b.    <u>Interrogatory No. 8</u>

Interrogatory No. 8 reads as follows:

> Identify, for each week of your employment with Defendant, the number of hours that you worked by listing the exact date of the time worked, the location where the work was performed, and any supervisors or managers who knew to whom you reported on that particular date. If you are not able to state the exact number of hours that you worked for

>     Defendant on any particular date, provide a good faith estimate of the number of hours on that date.

(ECF No. 75 at PageID 717.) In the court's March 6 order, the undersigned clearly explained to Merritt that "this request relates to information that Merritt would specifically need to prove as part of his overtime claim." (ECF No. 74 at PageID 702 (citing Viet, 951 F.3d at 822).) However, Merritt again refused to answer the question in whole because he felt that the request "is overly burdensome," instead providing truncated information for only three weeks of his employment:

> During my employment with the Defendant from March 7, 2020, to October 22, 2022, I worked the following hours:
>
> Week of March 7, 2020, to March 13, 2020:
>
> - Monday, March 7, 2020: 8.5 hours, Memphis location, Supervisor: Andre Hudson
>
> - Tuesday, March 8, 2020: 8.5 hours, Memphis location, Supervisor: Andre Hudson
>
> - Wednesday, March 9, 2020: 8.5 hours, Memphis location, Supervisor: Andre Hudson
>
> - …and so on for each day of that week.
>
> Week of March 14, 2020, to March 20, 2020:
>
> - …and so on for each week of employment.
>
> Overtime period starting September 15, 2020:
>
> - Monday through Friday 6:00 PM to 10:00 PM: I was required to be available remotely to address any emergency issues. During this time, I averaged 2 hours of actual work per night.

(ECF No. 75 at PageID 717.) Wipro argues that Merritt's response is insufficient because he is "bring[ing] claims concerning his wages and exemption status for his *entire* employment." (ECF No. 82-3 at PageID 845.)

The undersigned finds that Merritt's response to Interrogatory No. 8 is deficient. Merritt is asking to be compensated for 2,437.5 hours of overtime. (ECF No. 75 at PageID 718.) The number of hours that he worked is directly relevant to his FLSA claim. Merritt's response is not a good faith response to Wipro's request. Moreover, Merritt did not previously object to this request in his prior response, (see ECF No. 56 at PageID 527-28), and his objections have thus been waived. Accordingly, the undersigned finds that Merritt did not comply with the court's March 6 order as to Interrogatory No. 8.

    c.    <u>Interrogatory No. 9</u>

Interrogatory No. 9 reads as follows:

> Identify, for each week of your employment with Defendant, the number of hours you contend you were not provided overtime compensation you allege you are owed by listing the exact date of the alleged overtime worked, the location where the overtime was worked, and any supervisors or managers who knew overtime hours were worked on that particular date. If you are not able to state the exact number of hours that you allege you worked overtime on any particular date, provide a good faith estimate of the number of overtime hours you worked, but were not compensated for, on that date.

(ECF No. 75 at PageID 718.)

In his response following the court's March 6 order, Merritt "object[ed] to providing all the data requested, due to the undue burden." (Id.) Instead, Merritt provided the number of hours that he felt he was not compensated for in the following format: "2020: 312.5 hours x $32.60 = $10,187.50[;] 2021: 1,500 hours x $32.60 = $48,900.00[;] [and] 2022: 625 hours x $32.60 = $20,375.00." (Id.) Merritt then provided details for only three weeks of overtime:

> Week of March 21, 2022, to March 27, 2022:
>
> March 26, 2022: 4 hours of unpaid overtime, Memphis location, Supervisor: Christopher Campbell.
>
> Week of April 4, 2022, to April 10, 2022:
>
> April 6, 2022: 3 hours of unpaid overtime, Memphis location, Supervisor: Christopher Campbell.
>
> Week of September 15, 2020, to September 21, 2020:
>
> > • Monday through Friday 6:00 PM. to 10:00 PM: I was required to be available remotely to address any emergency issues. During this time, I averaged 2 hours of actual unpaid work per night, Memphis location, Supervisor: Christopher Campbell.

(Id. at PageID 718-19.)

Wipro argues that "this information goes to the heart of [Merritt's] claims, and [that] without it, he cannot prevail." (ECF No. 82-3 at PageID 845.) Indeed, Merritt is seeking to hold Wipro liable for over 2,400 hours of unpaid overtime, and the information requested in Interrogatory No. 9 is highly relevant.

- 14 -

Most importantly, it is Merritt's burden to prove that it is more likely than not that he worked these hours. <u>Viet</u>, 951 F.3d at 822. Merritt had not previously raised any specific objections to this request, (<u>see</u> ECF Nos. 56 at PageID 528-29; 66), and any objections have thus been waived. While providing detailed information for over 2,400 hours of time worked may impose a burden on Merritt, the fact that Merritt is now only willing to account for seventeen hours of that time—without having previously raised any specific concerns to the court and having twice been ordered to answer Interrogatory No. 9—does not show good faith participation in discovery or compliance with the court's March 6 order. Accordingly, the undersigned finds that Merritt did not comply with the court's March 6 order as to Interrogatory No. 9.

2.   *Requests for Production*

The undersigned also finds that Merritt did not comply with the court's March 6 order as to Wipro's document requests. The undersigned previously found that Wipro's requests were relevant. (ECF No. 74 at PageID 699.) Wipro argues that Merritt has not "produce[d] a single document to [it] in response to *any* request for production," and that he has not "identif[ied] which documents (referred to in his responses but not produced) relate to which requests." (ECF No. 82-3 at PageID 842.) In response, Merritt argues that he has complied with these discovery

requests based on his filings with the court, highlighting ECF Nos. 34, 35, 56 57, 73, 75, and 76. (ECF Nos. 83 at PageID 852; 92 at PageID 918-19.) Merritt has also certified in discovery responses that he either does not possess certain documents or that certain documents do not exist. (ECF No. 76.)

The undersigned accepts Merritt's representations that certain documents do not exist. But the court has previously rejected his arguments that making documents part of the record satisfies his discovery obligations and has therefore ordered him to produce those documents to Wipro in response to each document request. (ECF No. 74 at PageID 699-700 (citing Provost v. Corrections Corp. of Am., No. 2:08-cv-02488-JDT-cgc, 2010 WL 396231, at *9 (W.D. Tenn. Jan. 27, 2020)).)

Thus, the undersigned finds that Merritt did not comply with the court's March 6 order as to Interrogatory Nos. 7, 8, and 9, and as to document productions.

**C.   Whether Dismissal is Warranted**

Because Merritt did not comply with the court's March 6 order, the undersigned must decide whether dismissal is an appropriate sanction under Rule 37(b)(2)(A) using the aforementioned four-factor test.

*1.   Willfulness, Bad Faith, or Fault*

Under the first factor, "dismissal is proper if the record demonstrates delay or contumacious conduct." Mager, 924 F.3d at

837 (first quoting Reyes, 307 F.3d at 458; and then citing Harmon, 110 F.3d at 366-67). "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." Id. (quoting Carpenter v. City of Flint, 723 F.3d 700, 705 (6th Cir. 2013)). "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [their] conduct on those proceedings." Carpenter, 723 F.3d at 704-05 (quoting Tung-Hsiung Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005)) (internal quotations omitted).

In the court's March 6 order, the undersigned already found "that Merritt's deficient responses and his conduct are partly the product of bad faith and partly due to his lack of legal sophistication and misunderstanding the requirements of discovery." (ECF No. 74 at PageID 705.) At various points, Merritt has informed Wipro that "[i]t is not [his] responsibility to conduct [Wipro's] discovery for [it]," (ECF No. 64-2 at PageID); he has filed two protective orders seeking wrongly to limit his discovery obligations, (ECF Nos. 68, 84); and the court has twice ordered him to comply with discovery requests, (ECF Nos. 55, 74). Merritt has also argued against further extending the discovery deadline while simultaneously propounding discovery requests on May 5, 2025, after that

deadline.[5] (See ECF Nos. 87, 89, 90.) To the extent Merritt's discovery conduct was at one time partly due to his "lack of legal sophistication," any such misunderstandings on Merritt's part should have been remedied after the March 6 order. And yet Merritt continues to argue that his filing documents with the court satisfies his discovery obligations when the court has specifically rejected that argument. (See ECF Nos. 74 at PageID 699-700; 83; 92.) Merritt's conduct is comparable to that of the plaintiff in Kendrick v. Amazon.com Services, LLC, where the Sixth Circuit affirmed this court's dismissal of the *pro se* plaintiff's complaint after he was repeatedly warned of the consequences of failing to properly respond to discovery requests and he was given specific instructions on how to do so. No. 24-5232, 2024 WL 5466072, at *3 (6th Cir. Oct. 28, 2024).

The undersigned therefore finds that Merritt has acted in bad faith and has shown reckless disregard for the effect of his conduct on these proceedings under the first factor. This factor favors dismissal.

2.  *Prejudice*

Under the second factor, "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which

---

[5] Merritt subsequently moved to extend the discovery deadlines on June 2, 2025. (ECF No. 95.)

[the non-compliant party] was legally obligated to provide.'" Carpenter, 723 F.3d at 707 (quoting Harmon, 110 F.3d at 368). The undersigned previously found that Merritt's conduct has prejudiced Wipro. (ECF No. 74 at PageID 705.) The undersigned again finds that Merritt's conduct has prejudiced Wipro because it has incurred additional expenses based on Merritt's failure to comply with discovery requests, despite twice being ordered to do so. This factor favors dismissal.

> 3. *Prior Warnings*

Under the third factor, the undersigned has warned Merritt on two occasions that failure to comply with the court's orders would result in dismissal of his complaint. (ECF Nos. 55 at PageID 520; 74 at PageID 706.) This factor weighs in favor of dismissal.

> 4. *Less Drastic Sanctions*

Lastly, under the fourth factor, the undersigned has not previously imposed less drastic sanctions and declined to award monetary penalties in granting Wipro's second motion to compel. (ECF No. 74 at PageID 705-06.) But, in declining to award monetary sanctions, the undersigned specifically considered less drastic sanctions. (Id. at PageID 706.) The undersigned now finds that less drastic sanctions will not correct Merritt's deficiencies due to his repeated failures to comply with the court's orders. This factor weighs in favor of dismissal.

## III. RECOMMENDATION

Because all four factors weigh in favor of dismissal, the undersigned recommends that Wipro's Motion for Rule 37 Sanctions be granted, and that Merritt's complaint be dismissed with prejudice.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 10, 2025
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**