IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KENNETH MERRITT, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
|  | ) | |
| v. | ) | No. 2:23-cv-02453-SHM-tmp |
|  | ) | |
| WIPRO LIMITED, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation filed by Chief United States Magistrate Judge Tu M. Pham on March 25, 2025. (ECF No. 78.) In the Report and Recommendation, the Magistrate Judge recommends that pro se Plaintiff Kenneth Merritt's second Motion for Summary Judgment (ECF No. 62) be denied both as premature and on the merits. (See ECF No. 78.)

The Report and Recommendation (ECF No. 78) is **ADOPTED**. Plaintiff's Motion for Summary Judgment (ECF No. 62) is **DENIED**.

I.  **Background**

Plaintiff filed his first summary judgment motion on August 5, 2025. (ECF No. 32.) The Court adopted the Report and Recommendation denying Plaintiff's motion as premature on February 6, 2025. (See ECF No. 60.) Plaintiff filed a second

Motion for Summary Judgment on February 13, 2025. (ECF No. 62.) Defendant filed a Motion to Exclude Plaintiff's second statement of undisputed material facts and memorandum of law and an Alternative Response in Opposition to Summary Judgment on March 5, 2025. (ECF No. 73.) Plaintiff replied on March 13, 2025. (ECF No. 77.) On March 25, 2025, the Magistrate Judge recommended that Plaintiff's second summary judgment motion be denied. (ECF No. 78.)

On March 26, 2025, Plaintiff filed a "Motion to Reassign the Case to a Senior Judge and Reconsideration of Summary Judgment" that the Court construes as an objection to the Report and Recommendation, at least in part. (See ECF No. 79.) On April 9, 2025, Defendant responded in opposition to Plaintiff's objection. (See ECF No. 80.) On April 14, 2025, Plaintiff filed an unauthorized reply that the Magistrate Judge struck from the record. (See ECF Nos. 81, 86 at 3.)

On May 2, 2025, the Magistrate Judge denied Plaintiff's motion for reassignment and reconsideration, construing it, at least in part, as a motion for recusal and reconsideration. (ECF No. 86.) The Magistrate Judge found Plaintiff's requests for recusal and reconsideration lacked merit and denied both. (See id.)

On June 10, 2025, the Magistrate Judge filed a Report and Recommendation on Defendant's Motion for Rule 37 Sanctions. (ECF

2

No. 101.) The Magistrate Judge recommends that Plaintiff's case be dismissed with prejudice as a sanction for failure to comply with discovery. (Id.) Objections are due by June 24, 2025. (Id.)

The parties' pending motions were denied as moot on June 11, 2024. (See ECF Nos. 84, 85, 95-98, 102-105.)

## II. Standard of Review

Pro se litigants "enjoy the benefit of a liberal construction of their pleadings and filings." Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999). The "appropriate liberal construction" may sometimes require "active interpretation" to construe the pro se litigant's filing. See Franklin v. Rose, 765 3 F.2d 82, 85 (6th Cir. 1985). Courts may not make claims and arguments on behalf of pro se litigants. See Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004).

### A. Objections to a Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). District courts review portions of a report and recommendation to which a party has properly objected de novo. Id. Although a district court must review those portions de novo, it need not articulate each

3

reason for rejecting the objections. See Tuggle v. Seabold, 806 F.2d 87, 92 (6th Cir. 1986).

Objections must be specific; a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991). Absent objections, reports are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

**B.   Summary Judgment**

Summary judgment is granted if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. Peeples v. City of Detroit, 891 F.3d 622, 630 (6th Cir. 2018). There is a dispute about a material fact if the evidence is such that a reasonable jury could return a verdict for the nonmovant. EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (en banc). Inferences must be drawn in the light most favorable to the nonmovant. Bledsoe v. Tenn. Valley Auth. Bd. of Dirs., 42 F.4th 568, 578 (6th Cir. 2022).

Although Rule 56(b) permits a party to file a summary judgment motion "at any time," "[t]he general rule is that

4

summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." See Est. of Zakora v. Chrisman, 44 F.4th 452, 479 (6th Cir. 2022), cert. denied sub nom. Chrisman v. Est. of Zakora, 143 S. Ct. 2608 (2023) (quoting Vance v. United States, 90 F.3d 1145, 1148 (6th Cir. 1996)).

When "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

**III. Law**

To succeed on an unpaid overtime claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C §§ 201, et seq., a plaintiff must first establish: "(1) an employer-employee relationship; (2) that the employer or its employees are engaged in interstate commerce; (3) that the employee worked more than forty hours; and (4) that overtime was not paid." See Stansbury v. Faulkner, 443 F. Supp. 3d 918, 925 (W.D. Tenn. 2020) (citing Whaley v. Henry Ford Health System, 172 F. Supp. 3d 994, 1001 (E.D. Mich. 2016)). "Once a plaintiff has established these elements, the burden shifts to the employer who may show by a preponderance of the evidence that one of the exemptions afforded by § 213 of the FLSA applies to the employment in question." Stansbury, 443 F.

5

Supp. 3d at 925 (citing Kowalski v. Kowalski Heat Treating, Co., 920 F. Supp. 799, 806 (N.D. Ohio 1996)).

**IV. Analysis**

The Magistrate Judge recommends that Merritt's second summary judgment motion be denied because it is untimely amid ongoing discovery disputes and because it fails to meet Plaintiff's burden on the merits. (See ECF No. 78.)

First, the Magistrate Judge concludes that the motion is premature because the parties have not completed discovery. (See id. at 10-11.) Defendant Wipro has filed a Rule 56(d) declaration alleging that Plaintiff "has not produced a single document to Wipro." (Id. at 11.) After Plaintiff had filed his second summary judgment motion, the Magistrate Judge granted Defendant's Second Motion to Compel on March 6, 2025. (Id.)

Second, the Magistrate Judge concludes that Merritt's motion fails on the merits because he has not met the high bar of producing evidence showing that no reasonable jury could return a verdict for the nonmovant. (See id. at 12-13.)

To the extent Plaintiff specifically objects to the Magistrate Judge's Report and Recommendation, Plaintiff argues that the Magistrate Judge's conclusion on the merits improperly revisits legal conclusions the Court made at the motion to dismiss stage. (See ECF No. 79 at 3.) The remainder of Plaintiff's objections are general. See Howard, 932 F.2d at 509.

6

The Magistrate Judge did not improperly reexamine the sufficiency of Plaintiff's FLSA claim. Although Plaintiff is correct that the Court determined at the motion to dismiss stage that Plaintiff had plausibly alleged a violation of the FLSA, the standard for testing the sufficiency of his claim is higher at summary judgment than it was when the Court examined his FLSA claim at the motion to dismiss stage. Compare Kovalchuk v. City of Decherd, 95 F.4th 1035, 1037 (6th Cir. 2024) (motion to dismiss standard), with Ford Motor Co., 782 F.3d at 760 (summary judgment standard).

The Magistrate Judge's Report and Recommendation concludes that Plaintiff's Motion for Summary Judgment should be denied, but it does not conclude that Plaintiff's claim could not be established at all. Plaintiff's FLSA claim remains pending, and he may succeed on that claim, but only if he complies with the discovery process and provides sufficient admissible evidence to substantiate it.

Because the Magistrate Judge correctly concludes that Plaintiff has not met the high bar of producing evidence showing that no reasonable jury could return a verdict for the nonmovant, Plaintiff's objection is overruled. See Ford Motor Co., 782 F.3d at 760. (See id. at 12-13.)

## V. Conclusion

After reviewing <u>de novo</u> the portions of the Report to which Plaintiff specifically objected, and after clear-error review of the balance of the Magistrate Judge's Report and Recommendation, the Report and Recommendation (ECF No. 78) is **ADOPTED**. Plaintiff's second Motion for Summary Judgment (ECF No. 62) is **DENIED**.

SO ORDERED this <u>11th</u> day of June, 2025.

                                                /s/ *Samuel H. Mays, Jr.*
                                                SAMUEL H. MAYS, JR.
                                                UNITED STATES DISTRICT JUDGE