**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| **KENNETH MERRITT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 2:23-cv-02453-SHM-tmp** |
| | ) | |
| **WIPRO LIMITED,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER DISMISSING IN PART AND DENYING AS MOOT IN PART MOTION
FOR RECONSIDERATION**

Before the Court is pro se Plaintiff Kenneth Merritt's October 22, 2025 Motion for Reconsideration of (1) the Court's June 30, 2025 Order (ECF No. 118) dismissing Plaintiff's claims with prejudice and (2) the Court's October 20, 2025 Order (ECF No. 132) denying Plaintiff's application to proceed *in forma pauperis* on appeal. (ECF No. 133). For the reasons that follow, Plaintiff's Motion is (1) DISMISSED for lack of jurisdiction with respect to the Court's Order dismissing Plaintiff's claims and (2) DENIED AS MOOT with respect to the Court's Order denying leave to proceed *in forma pauperis* on appeal.

**I.   Background**

On June 10, 2025, the Magistrate Judge filed a Report and Recommendation recommending that Plaintiff's case be dismissed

with prejudice as a sanction for noncompliance with court orders. (ECF No. 101). Neither party filed objections to the Report. (ECF No. 118 at 1-2.) On June 30, 2025, the Court entered an Order adopting the Report and dismissing the case with prejudice. (ECF No. 118.) Judgment was entered on June 30, 2025. (ECF No. 119.)

On July 8, 2025, Plaintiff filed a Motion to Alter or Amend Judgment. (ECF No. 120.) On August 13, 2025, the Court denied the Motion. (ECF No. 126.)

On September 4, 2025, Plaintiff filed a Notice of Appeal and a Motion for Leave to Proceed in Forma Pauperis ("IFP") on Appeal. (ECF Nos. 127-28.) The Notice of Appeal states that Plaintiff appeals: (1) the Order Denying Plaintiff's Motion to Alter or Amend Judgment (ECF No. 126), (2) the Judgment of Dismissal with Prejudice (ECF No. 118-120), and (3) all underlying adverse orders, rulings, and opinions leading to dismissal. (ECF No. 127.) The appeal was docketed as 25-5783 on September 5, 2025. (ECF No. 129.) The appeal remains pending.

On September 5, 2025, the Clerk's Office informed Plaintiff he had submitted his *in forma pauperis* application using the incorrect form. (ECF No. 133 at 2.) On September 7, 2025, Plaintiff resubmitted the application using the correct form, but failed to sign the form. (ECF No. 130.) On September 8, 2025, the Clerk's Office issued a deficiency notice,

advising Plaintiff that the application lacked a signature and giving Plaintiff one business day to rectify the error. (ECF No. 131.) More than a month passed during which Plaintiff failed to rectify the filing deficiency. On October 20, 2025, the Court entered an Order denying Plaintiff's Motions (ECF Nos. 128, 130) to Proceed in Forma Pauperis on Appeal for failure to comply with Fed. R. App. P. 24(a)(1). (ECF No. 132.)

On October 22, 2025, Plaintiff filed the instant Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), asking this Court to reconsider: (1) its June 30, 2025 Order dismissing Plaintiff's claims with prejudice and (2) its October 20, 2025 Order denying Plaintiff's application to proceed *in forma pauperis* on appeal. (ECF No. 133 at 1.)

## II.  Standard of Review

Under Federal Rule of Civil Procedure 59(e), a court may alter or amend its judgment because of an intervening change in the controlling law, newly discovered evidence, to correct a clear error of law, or to prevent a manifest injustice. Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009) (internal quotation marks omitted). The purpose of Federal Rule of Civil Procedure 59(e) is to allow a district court to correct its own mistakes.  White v. New Hampshire Dep't of Emp't Sec.,

3

455 U.S. 445, 450 (1982). Reconsideration under Rule 59(e) "is not intended to relitigate matters already decided by the Court." Windsor v. A Fed. Exec. Agency, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), aff'd, 767 F.2d 923 (6th Cir. 1985).

Under Federal Rule of Civil Procedure 60(b), a district court is authorized to grant relief "from a final judgment, order, or proceeding" on the grounds of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Claims of legal error are properly considered under Rule 60(b)(1) as a type of mistake. See Braggs v. Perez, 42 F. App'x 678, 680 (6th Cir. 2002). "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001). Rule 60(b) is not intended to allow relief from judgment merely because a plaintiff is unhappy with the outcome. See Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001).

**III. Analysis**

    **A.   Reconsideration of Order Dismissing Case with Prejudice**

Plaintiff asks the Court to reconsider its June 30, 2025 Order dismissing Plaintiff's claims with prejudice, citing clear error of fact and law and manifest injustice. (ECF No. 133 at 3-4.) Plaintiff argues that the Court erred in finding Plaintiff non-compliant with discovery obligations and Court orders despite a clear record of compliance. (ECF No. 133 at 3.) Plaintiff also argues that, before resorting to the severe sanction of dismissal under Federal Rule of Civil Procedure 37, the Court failed to (1) make a finding of willfulness, bad faith and (2) consider lesser sanctions, as required by Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988).[1] (ECF No. 133 at 3.)

The Court does not have jurisdiction to consider Plaintiff's Motion for Reconsideration of the Court's Order dismissing his case with prejudice. (ECF No. 118.) Plaintiff has appealed the Order to the Sixth Circuit. (ECF No. 127.) Filing a notice of appeal divests a district court of jurisdiction over the order being appealed. See Williamson v. Recovery Ltd. P'ship, 731 F.3d 608, 626 (6th Cir. 2013) ("The

---

[1] Not discernibly related to the Order that Plaintiff asks the Court to reconsider, Plaintiff also vaguely alleges unequal treatment as a *pro se* litigant and due process violations. (ECF No. 133 at 3-4.)

5

filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982).

**B.    Reconsideration of Order Denying In Forma Pauperis Status on Appeal**

Plaintiff asks the Court to reconsider its October 20, 2025 Order denying Plaintiff's Motion for Leave to Proceed In Forma Pauperis, citing mistake and manifest injustice. (ECF No. 133 at 2.) Plaintiff claims that the form he submitted to the Clerk's Office on September 7, 2025 was signed and that the representation that it was not signed was due to clerical error and not Plaintiff's failure. (ECF No. 133 at 2.) Plaintiff argues that "[d]enying IFP based on administrative lapse works manifest injustice[.]" (ECF No. 133 at 2.) Although Plaintiff attaches to his Motion a copy of the email he sent to the Clerk's Office on September 7, 2025 re-submitting his allegedly signed in forma pauperis application, he does not provide a copy of the IFP application attached to that email to prove that the form was signed. (ECF No. 133-1.)

Nonetheless, Plaintiff's Motion for Reconsideration of the Court's Order denying *in forma pauperis* status on appeal is

6

moot because it is procedurally improper, and Plaintiff has a procedurally proper application to proceed *in forma pauperis* pending in the Sixth Circuit.

Plaintiff's "Motion for Reconsideration" of the Court's denial of his Motion to proceed *in forma pauperis* on appeal is procedurally inappropriate. Federal Rule of Appellate Procedure 24(a)(5) provides that, if the district court denies a party leave to appeal *in forma pauperis*, "[a] party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days" after the denial. Fed. R. App. P. 24(a)(5). The Advisory Committee Notes clarify that "[Rule 24(a)(5)] establishes a subsequent motion in the court of appeals . . . as the proper procedure for calling in question the correctness of the action of the district court." Fed. R. App. P. 24 Advisory Committee Notes; see Callihan v. Schneider, 178 F.3d 800, 804-03 (6th Cir. 1999) (holding that if a district court denies a party leave to appeal *in forma pauperis*, party must either pay the filing fee or may file an *in forma pauperis* application in the court of appeals within thirty days of the denial).

Plaintiff was informed of this procedure. On October 22, 2025, the Sixth Circuit issued a Ruling Letter informing Plaintiff that, given this Court's denial of his *in forma pauperis* application, Plaintiff was responsible for either

7

paying the appellate filing fee to the district court or filing a renewed motion for pauper status *in the Sixth Circuit* by November 20, 2025. Ruling Letter, Merritt v. Wipro Ltd., No. 25-5783, (6th Cir. Sept. 5, 2025), ECF No. 6.

Despite the appellate court's instructions, the same day Plaintiff filed the instant Motion for Reconsideration of the Court's Order denying Plaintiff's IFP application. (ECF No. 133 at 1.)

Plaintiff's Motion in this Court "calling in question the correctness" of the Court's denial of Plaintiff's IFP application is procedurally improper. [2] The proper method and venue for Plaintiff to seek leave to proceed *in forma pauperis* on appeal after this Court's denial of his application is by renewed motion in the Sixth Circuit. Fed. R. App. P. 24(a)(5). And Plaintiff has in fact filed a Motion to Proceed In Forma Pauperis in that court. Motion to Proceed in Forma Pauperis, Merritt, No. 25-5783, ECF No. 7. The application in the Sixth

---

[2] For this reason, the Court ought not have ruled on Plaintiff's renewed Motion for Leave to Proceed in Forma Pauperis on Appeal filed January 6, 2026, while both the Motion for Reconsideration and Plaintiff's Sixth Circuit *in forma pauperis* application were pending. (ECF No. 135.) Insofar as the essence of Plaintiff's Motion for Reconsideration is that his application ought not have been denied on the basis of procedural defects, Plaintiff received a decision on the merits of his renewed application on January 13, 2026. The Motion was denied on January 13, 2026 for failure to demonstrate an inability to pay fees and costs. (ECF No. 136.) Thus, even if the Court could reconsider its Order, reconsideration would not alter the outcome.

Circuit remains pending. Plaintiff's Motion for Reconsideration is moot.

## IV.  Conclusion

Defendant's Motion for Reconsideration is DISMISSED in part and DENIED AS MOOT in part. Defendant's Motion for Reconsideration is DISMISSED for lack of jurisdiction with respect to the Court's June 30, 2025 Order dismissing Plaintiff's claims with prejudice. Defendant's Motion for Reconsideration is DENIED AS MOOT with respect to the Court's October 20, 2025 Order denying Plaintiff's application to proceed *in forma pauperis* on appeal.

SO ORDERED this __16th__ day of April, 2026.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE